Filing # 22267962 E-Filed 01/07/2015 01:35:07 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

---

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>HAYAT AARRAS</u>
Plaintiff
        vs.
<u>TRUMP PLAZA DORAL</u>
Defendant

---

II.  **TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    2

V.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Roderick V Hannah</u>    FL Bar No.: <u>435384</u>
    Attorney or party                      (Bar number, if attorney)

    <u>Roderick V Hannah</u>   <u>01/07/2015</u>
    (Type or print name)                    Date

Filing # 22267962 E-Filed 01/07/2015 01:35:07 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

HAYAT AARRAS; NILYELIZ AGUDELO;
NAOMY ALPHONSE; SANDY APARICIO;
JULIAN ARBELAEZ; TULIO BALLON;
JESSICA BRINGAS; YOLANDA BURGOS de BARRIOS;
CARLOS CAMPOS; PATRICIA CARRION;
ROCIO CASTRO; LEONARDO CELORRIO;
DERRICK CHAPMAN; ERICA DAVIS-JEAN BAPTISTE;
ROSA DE LA COTERA; SANDRA DUARTE;
EMILY ELLIOTT; JENNIFER ERMIS;
JAIRO RICHARD ESPANA; MARIE F. EXANTUS;
ERIKA FONTICIELLA; JORGE GARAY;
CLAUDIA DUARTE GARCIA; SCOTT GOLDMAN;
RICHARD JOHNSON, II; LORENA M. JUNCIEL;
ERIC KAHLAN; THERESA KNIGHT; DERRICK LEE;
JANI LINDSAY; MARIA MAIQUEZ; HERNEY MANCERA;
MARTHA L. ORTIZ; EDNA OSORNO; REBECCA VIZCAINO PAVON;
DAISY PRIETO; MANUEL PRIETO;
CHRISTY RAMIREZ; LIA E. RAMIREZ; JORGE RAMIREZ;
JEFFREY ROCA; EDGAR A. RUIZ; EDUARDO SABAS;
ALBA SALDARRIAGA; ELIZABETH SAN MARTIN;
HELEN SIERRA; DEDRIC STAFFORD; WALTER TORRES;
MANUEL VASQUEZ; and KATIE WATSON,
on behalf of themselves and all others similarly situated,

     Plaintiffs,

vs.

TRUMP PLAZA DORAL, a foreign for profit
corporation; EDEN TOURS, LLC, a Florida limited
liability company, DAVID GOLDWASSER d/b/a
EDEN TOURS, individually; ASAI, INC., a Florida
for profit corporation; FRANK ADAN, individually;
and STEPHEN SATZ, individually,

    Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, and through undersigned counsel, sue Defendants TRUMP PLAZA DORAL, a foreign for-profit corporation ("TRUMP PLAZA"), EDEN TOURS, LLC, a Florida limited liability company ("EDEN TOURS"), DAVID GOLDWASSER d/b/a EDEN TOURS, individually ("GOLDWASSER"), ASAI, INC., a Florida for-profit corporation ("ASAI"), FRANK ADAN ("ADAN"), individually, and STEPHEN SATZ, individually ("SATZ"), and allege as follows:

1.      This is an action for unlawful failure to pay overtime compensation and minimum wages as required by the federal Fair Labor Standards Act, 29 U.S.C. §§206 (a) and 207(a) ("FLSA"), and its implementing regulations.  This is also a Florida common law action for breach of contracts for failure to pay due and earned wages, and for unjust enrichment.

2.      This is an action for damages that exceed $15,000.00, exclusive of interest, costs, and attorney's fees.

3.      Plaintiff HAYAT AARRAS, at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  HAYAT AARRAS has executed and filed herein as Exhibit "A", a Declaration and Consent to Join Litigation.

4.      Plaintiff NILYELIZ AGUDELO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  NILYELIZ AGUDELO has executed and filed herein as Exhibit "B", a Declaration and Consent to Join Litigation.

5.      Plaintiff NAOMY ALPHONSE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  NAOMY ALPHONSE has executed and filed herein as Exhibit "C", a Declaration and Consent to Join Litigation.

6.     Plaintiff SANDY APARICIO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  SANDY APARICIO has executed and filed herein as Exhibit "D", a Declaration and Consent to Join Litigation.

7.     Plaintiff JULIAN ARBELAEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JULIAN ARBELAEZ has executed and filed herein as Exhibit "E", a Declaration and Consent to Join Litigation.

8.     Plaintiff TULIO BALLON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  TULIO BALLON has executed and filed herein as Exhibit "F", a Declaration and Consent to Join Litigation.

9.     Plaintiff JESSICA BRINGAS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JESSICA BRINGAS has executed and filed herein as Exhibit "G", a Declaration and Consent to Join Litigation.

10.    Plaintiff YOLANDA BURGOS de BARRIOS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  YOLANDA BURGOS de BARRIOS has executed and filed herein as Exhibit "H", a Declaration and Consent to Join Litigation.

11.    Plaintiff CARLOS CAMPOS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  CARLOS CAMPOS has executed and filed herein as Exhibit "I", a Declaration and Consent to Join Litigation.

12.    Plaintiff PATRICIA CARRION at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  PATRICIA CARRION has executed and filed herein as Exhibit "J", a Declaration and Consent to Join Litigation.

13.    Plaintiff ROCIO CASTRO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ROCIO CASTRO has executed and filed herein as Exhibit "K", a Declaration and Consent to Join Litigation

14.    Plaintiff LEONARDO CELORRIO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. LEONARDO CELORRIO has executed and filed herein as Exhibit "L", a Declaration and Consent to Join Litigation

15.    Plaintiff DERRICK CHAPMAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. DERRICK CHAPMAN has executed and filed herein as Exhibit "M", a Declaration and Consent to Join Litigation

16.    Plaintiff ERICA DAVIS-JEAN BAPTISTE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ERICA DAVIS-JEAN BAPTISTE has executed and filed herein as Exhibit "N", a Declaration and Consent to Join Litigation

17.    Plaintiff ROSA DE LA COTERA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ROSA DE LA COTERA has executed and filed herein as Exhibit "O", a Declaration and Consent to Join Litigation.

18.    Plaintiff SANDRA DUARTE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. SANDRA DUARTE has executed and filed herein as Exhibit "P", a Declaration and Consent to Join Litigation.

19.    Plaintiff EMILY ELLIOTT at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. EMILY ELLIOTT has executed and filed herein as Exhibit "Q", a Declaration and Consent to Join Litigation.

20.     Plaintiff JENNIFER ERMIS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. JENNIFER ERMIS has executed and filed herein as Exhibit "R", a Declaration and Consent to Join Litigation

21.     Plaintiff JAIRO RICHARD ESPANA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. JAIRO RICHARD ESPANA has executed and filed herein as Exhibit "S", a Declaration and Consent to Join Litigation

22.     Plaintiff MARIE F. EXANTUS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. MARIE F. EXANTUS has executed and filed herein as Exhibit "T", a Declaration and Consent to Join Litigation

23.     Plaintiff ERIKA FONTICIELLO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ERIKA FONTICIELLA has executed and filed herein as Exhibit "U", a Declaration and Consent to Join Litigation

24.     Plaintiff JORGE GARAY at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. JORGE GARAY has executed and filed herein as Exhibit "V", a Declaration and Consent to Join Litigation.

25.     Plaintiff CLAUDIA DUARTE GARCIA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. CLAUDIA DUARTE GARCIA has executed and filed herein as Exhibit "W", a Declaration and Consent to Join Litigation.

26.     Plaintiff SCOTT GOLDMAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. SCOTT GOLDMAN has executed and filed herein as Exhibit "X", a Declaration and Consent to Join Litigation.

5

27.     Plaintiff RICHARD JOHNSON, II at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  RICHARD JOHNSON, II has executed and filed herein as Exhibit "Y", a Declaration and Consent to Join Litigation.

28.     Plaintiff LOREN M. JUNCIEL at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  LOREN M. JUNCIEL has executed and filed herein as Exhibit "Z", a Declaration and Consent to Join Litigation.

29.     Plaintiff ERIC KAHLAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ERIC KAHLAN has executed and filed herein as Exhibit "AA", a Declaration and Consent to Join Litigation.

30.     Plaintiff THERESA KNIGHT at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  THERESA KNIGHT has executed and filed herein as Exhibit "BB", a Declaration and Consent to Join Litigation.

31.     Plaintiff DERRICK LEE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DERRICK LEE has executed and filed herein as Exhibit "CC", a Declaration and Consent to Join Litigation.

32.     Plaintiff JANI LINDSAY at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JANI LINDSAY has executed and filed herein as Exhibit "DD", a Declaration and Consent to Join Litigation.

33.     Plaintiff MARIA MAIQUEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MARIA MAIQUEZ has executed and filed herein as Exhibit "EE", a Declaration and Consent to Join Litigation.

34.     Plaintiff HERNEY MANCERA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   HERNEY MANCERA has executed and filed herein as Exhibit "FF", a Declaration and Consent to Join Litigation.

35.     Plaintiff MARTHA L. ORTIZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   MARTHA L. ORTIZ has executed and filed herein as Exhibit "GG", a Declaration and Consent to Join Litigation.

36.     Plaintiff EDNA OSORNO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   EDNA OSORNO has executed and filed herein as Exhibit "HH", a Declaration and Consent to Join Litigation.

37.     Plaintiff REBECCA VIZCAINO PAVON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   REBECCA VIZCAINO PAVON has executed and filed herein as Exhibit "II", a Declaration and Consent to Join Litigation.

38.     Plaintiff DAISY P. PRIETO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   DAISY P. PRIETO has executed and filed herein as Exhibit "JJ", a Declaration and Consent to Join Litigation.

39.     Plaintiff MANUEL PRIETO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   MANUEL PRIETO has executed and filed herein as Exhibit "KK", a Declaration and Consent to Join Litigation.

40.     Plaintiff CHRISTY RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.   CHRISTY RAMIREZ has executed and filed herein as Exhibit "LL", a Declaration and Consent to Join Litigation.

41.     Plaintiff LIA E. RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. LIA E. RAMIREZ has executed and filed herein as Exhibit "MM", a Declaration and Consent to Join Litigation.

42.     Plaintiff JORGE RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. JORGE RAMIREZ has executed and filed herein as Exhibit "NN", a Declaration and Consent to Join Litigation.

43.     Plaintiff JEFFREY ROCA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. JEFFREY ROCA has executed and filed herein as Exhibit "OO", a Declaration and Consent to Join Litigation.

44.     Plaintiff EDGAR A. RUIZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. EDGAR A. RUIZ has executed and filed herein as Exhibit "PP", a Declaration and Consent to Join Litigation.

45.     Plaintiff EDUARDO SABAS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. EDUARDO SABAS has executed and filed herein as Exhibit "QQ", a Declaration and Consent to Join Litigation.

46.     Plaintiff ALBA SALDARRIAGA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ALBA SALDARRIAGA has executed and filed herein as Exhibit "RR", a Declaration and Consent to Join Litigation.

47.     Plaintiff ELIZABETH SAN MARTIN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. ELIZABETH SAN MARTIN has executed and filed herein as Exhibit "SS", a Declaration and Consent to Join Litigation.

48.     Plaintiff HELEN SIERRA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. HELEN SIERRA has executed and filed herein as Exhibit "TT", a Declaration and Consent to Join Litigation.

49.     Plaintiff DEDRIC STAFFORD at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. DEDRIC STAFFORD has executed and filed herein as Exhibit "UU", a Declaration and Consent to Join Litigation.

50.     Plaintiff WATER TORRES at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. WATER TORRES has executed and filed herein as Exhibit "VV", a Declaration and Consent to Join Litigation.

51.     Plaintiff MANUEL VASQUEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. MANUEL VASQUEZ has executed and filed herein as Exhibit "WW", a Declaration and Consent to Join Litigation.

52.     Plaintiff KATIE WATSON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*. KATIE WATSON has executed and filed herein as Exhibit "XX", a Declaration and Consent to Join Litigation.

53.     Defendant TRUMP PLAZA is, and at all relevant times was, a foreign for-profit corporation doing business in Miami-Dade County, Florida.  TRUMP PLAZA is, and at all relevant times was, a company running a luxury hotel in Miami-Dade County, Florida, that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00, and was thus subject to enterprise coverage under the FLSA.

54.     Defendant EDEN TOURS is, and at all relevant times was, a Florida limited liability company doing business in Miami-Dade County, Florida. EDEN TOURS is, and at all relevant times was, a company organizing and sponsoring Passover travel tours and programs,

9

used, purchased, and sold materials and goods in interstate commerce, and had, either alone or in conjunction with the other Defendants as joint employers of Plaintiffs, annual gross revenues in excess of $500,000.00, and was thus subject to enterprise coverage under the FLSA.

55.    Defendant GOLDWASSER is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*. At all relevant times, GOLDWASSER was and still is the owner and President of EDEN TOURS, was and still is an agent of EDEN TOURS, and acted in the course and scope of his employment as owner and President of EDEN TOURS with regard to Plaintiffs. GOLDWASSER also was registered to do business, and did business under the fictitious name of EDEN TOURS, and also was the owner and operator of a now dissolved Florida limited liability company, E.T. Passover, LLC, that also was and is a registered owner of the fictitious name EDEN TOURS. At all relevant times hereto, GOLDWASSER operated the dissolved company E.T. Passover, LLC as if it was a viable and active Florida company, doing business as "Eden Tours Passach". As GOLDWASSER was operating and holding himself out as a viable and active Florida company which in fact had been voluntarily dissolved prior to the events alleged herein, he is personally liable for any claims or actions alleged herein that occurred through E.T. Passover. LLC.

56.    Defendant ASAI is, and at all relevant times was, a Florida for-profit corporation doing business in Miami-Dade County, Florida. ASAI is, and at all relevant times was, an employee staffing company providing temporary server and cooking staff in Miami-Dade County, Florida, that, upon information and belief, used, purchased, and sold materials and goods in interstate commerce, and had, either alone or in conjunction with the other Defendants as joint employers of Plaintiffs, annual gross revenues in excess of $500,000.00.

10

57.     Defendant ADAN is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*.  At all relevant times, ADAN was and still is an owner and President of ASAI, was and still is an agent of ASAI, and acted in the course and scope of his employment as owner and President of ASAI with regard to Plaintiffs.

58.     Defendant SATZ is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*.  At all relevant times, and upon information and belief, SATZ was and still is an owner and operator of ASAI, was and still is an agent of ASAI, and acted in the course and scope of his employment as owner, operator and/or agent of ASAI with regard to Plaintiffs.  In addition, SATZ held himself out to Plaintiffs and the public as the owner and operator of another Florida for-profit employee staffing company, Hire Power Staffing, Inc., as being in business with ASAI, even though SATZ had allowed Hire Power Staffing, Inc. to be administratively dissolved by the State of Florida prior to the events alleged herein below.  As Hire Power Staffing, Inc. was dissolved at the time of the events and actions alleged herein, SATZ he is personally liable for any claims or actions alleged herein that occurred through that dissolved company.

59.     At all relevant times TRUMP PLAZA was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.  In addition, EDEN TOURS and ASAI, jointly, were and still are "employers" under the FLSA for purposes of enterprise coverage in that they were and operated as an enterprise that had two or more employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person, and, upon information and belief, had combined gross annual revenues of not less than $500,000.00.

60.    At all relevant times, GOLDWASSER, ADAN and SATZ were, and still are, statutory "employers" under the FLSA in that they acted, directly or indirectly, on behalf of EDEN TOURS and ASAI in relation to Plaintiffs, and regularly exercised authority to hire and fire employees of EDEN TOURS and ASAI, determined the work schedules of employees of EDEN TOURS and ASAI, set the rates of pay and compensation for employees of EDEN TOURS and ASAI, and controlled the finances and operations of EDEN TOURS and ASAI.

61.    At all relevant times, TRUMP PLAZA was a joint employer of Plaintiffs along with EDEN, GOLDWASSER, ASAI, ADAN, and SATZ, under a "horizontal" joint employment relationship in that (1) employees of TRUMP PLAZA, including Captains and Chefs, regularly supervised, directed and controlled the work of Plaintiffs, (2) TRUMP PLAZA agreed to and was represented in EDEN TOURS and GOLDWASSER's promotional materials as the party who was and would be in charge of, controlled, and oversaw the work of Plaintiffs; (3) employees of TRUMP PLAZA prepared, assigned, and directed the work schedules and work hours for Plaintiffs; (4) TRUMP PLAZA provided Plaintiffs with all of the tools and equipment to perform their work, and (5) TRUMP PLAZA provide the site and facilities for Plaintiffs to perform their work.

62.    At all relevant times, EDEN TOURS and GOLDWASSER were the joint employers of Plaintiffs with ASAI, ADAN, and SATZ for purposes of the FLSA, under a "vertical" joint employment relationship, in that EDEN TOURS and GOLDWASSER controlled the operations of ASAI, ADAN, and SATZ with respect to the hiring and employment of

Plaintiffs, and thus directly and/or indirectly shared control of Plaintiffs with and through ASAI, ADAN, and SATZ.

63.     Plaintiffs bring this action for relief under the overtime and minimum wage provisions of the FLSA on behalf of themselves and all other former employees of Defendants who are and were similarly situated.  This class consists of all servers and chefs/cooks hired to provide services at the Trump Plaza Doral Hotel during the ten-day period April 15, 2014 through April 23, 2014, to provide cooking and food serving services for patrons of the "Eden Tours Passach" Passover holiday tour, who worked in excess of forty (40) hours each work week, and who were not paid either the FLSA required statutory minimum wage for each hour they worked or the FLSA required overtime premiums for each hour worked in excess of forty (40) hours in each work week.

64.     Plaintiffs, and those similarly situated to them, were hired at various times by EDEN TOURS, GOLDWASSER, ASAI, ADAN and SATZ to provide temporary staffing services as servers and chefs/cooks for the patrons of the "Eden Tours Passach" Passover holiday tour that was to take place, and did take place, at the Trump Plaza Doral, a hotel owned and operated by TRUMP PLAZA, from April 15, 2014 through April 23, 2014.  Each of the Plaintiffs was informed that they would be paid various amounts for their services.  The list of the amounts each named Plaintiff promised that he/she would be paid for his/her services is set forth on Exhibit ""YY" attached hereto and incorporated herein by reference.

65.     At all relevant times, Plaintiffs, and those similarly situated to them, were in non-exempt positons who are entitled to overtime compensation under the FLSA for each hour worked over 40 hours in one or more work weeks.

13

66.     At all relevant times, Plaintiffs, and those similarly situated to them, were in positions that required that they be paid at least the applicable statutory minimum wage per the FLSA.

67.     Each of the Plaintiffs, and those similarly situated to them, performed work for and on behalf of Defendants during the period April 15, 2014 through April 23, 2014, at the specific request and direction, and under the supervision and control, of Defendants.

68.     Each of the Plaintiffs, and those similarly situated to them, worked in excess of forty (40) hours in one or more work weeks.

69.     Each of the Plaintiffs, and those similarly situated to them, despite demand therefor, were not paid all of the wages that were promised and owed to them, or were paid amounts less than the applicable statutory minimum wage given the number of hours each was required to work. Each of the Plaintiffs, and those similarly situated to them, were not paid any overtime premiums as required by the FLSA for each hour they worked in excess of forty (40) in one or more work weeks.

70.     Upon information and belief, ASAI, ADAN, and SATZ were paid substantial monies by EDEN TOURS and/or GOLDWASSER, including monies that were to be paid to Plaintiffs and all those similarly situated for the work they performed. However, ASAI, ADAN, and SATZ failed to pay Plaintiffs the monies they were promised and owed. Upon information and belief, ASAI, ADAN, and SATZ kept the monies paid to them by EDEN TOURS and/or GOLDWASSER, and the "Eden Tours Passach", sponsors for their own personal gain.

71.     While one or more of the Plaintiffs kept and maintained some records of their pay and time records, the complete records of the compensation actually paid to Plaintiffs, if any, and the specific records of hours Plaintiffs worked, are currently, or should be, in the possession,

custody, and control of Defendants.  Upon information and belief, however, Defendants failed to keep and maintain all required records of hours worked by and wages paid to their employees, including Plaintiffs, and those similarly situated, per the record-keeping requirements of the FLSA.

72.    All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

73.    Plaintiffs have hired the undersigned law firm to represent them in this case and have agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID MINIMUM WAGE VIOLATION OF FLSA (ALL DEFENDANTS)

74.    Plaintiffs re-allege paragraphs 1 through 74 as if set forth fully herein.

75.    The FLSA, specifically 29 U.S.C. §206(a), requires all employers to pay their employees a minimum wage for each hour that the employee works.

76.    Defendants failed to pay Plaintiffs, and all those similarly situated, their minimum hourly wages for each of the hours they worked during the ten (10) day period from April 15, 2014 through April 23, 2014.

77.    Defendants' failure to pay Plaintiffs, and all those similarly situated, their minimum wages as alleged hereinabove violates the FLSA, 29 U.S.C. §206(a).

78.    Plaintiffs, and all those similarly situated, have suffered damages in the amount of their unpaid wages and are entitled to liquidated damages in an amount equal to that of the unpaid wages.

79.    Defendants' actions describe herein were undertaken willfully, maliciously, and in reckless disregard for Plaintiffs' rights under the law.

15

80.     Plaintiffs are entitled to recover their costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants, jointly and severally, for all unpaid minimum wages owed to them as required by the FLSA, plus liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT II – UNPAID OVERTIME VIOLATION OF FLSA (ALL DEFENDANTS)

81.     Plaintiffs re-allege paragraphs 1 through 72 and 78 through 79 as if set forth fully herein.

82.     Under the FLSA, specifically 29 U.S.C. §207(a), Defendants were obligated to pay Plaintiffs, and all those similarly situated, one and one-half times their hourly pay rate for all hours they worked in excess of forty (40) hours per work week.  Plaintiffs, and all those similarly situated, worked in excess of forty (40) hours in one or more work weeks, but were not paid the extra overtime premium for their overtime work.

83.     Defendants have failed and refused to pay Plaintiffs, and all those similarly situated, the required extra overtime pay for all hours Plaintiffs, and all those similarly situated, worked in excess of forty (40) hours per work week, in violation of the FLSA overtime requirements under 29 U.S.C. §207(a).

84.     As a direct and proximate result of Defendants' violations of the FLSA overtime requirements, Plaintiffs have suffered damages equal to one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per work week, plus double that amount in liquidated damages as provided under the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants, jointly and severally, for all unpaid overtime as required by the FLSA, plus liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT III – BREACH OF CONTRACT FOR UNPAID WAGES (HAYAT AARRAS)

85.     Plaintiff HAYAT AARRAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

86.     HAYAT AARRAS entered into an oral contract for employment with ASAI under which, for services performed by HAYAT AARRAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HAYAT AARRAS $1,500.00.

87.     HAYAT AARRAS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

88.     ASAI thus breached the employment contract by failing to pay HAYAT AARRAS her promised and due wages for services performed.

89.     As a direct and proximate result of ASAI's breach of contract, HAYAT AARRAS has suffered damages in the amount of wages not paid to her.

90.     As this is an action for unpaid wages, HAYAT AARRAS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HAYAT AARRAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

17

## COUNT IV – BREACH OF CONTRACT FOR UNPAID WAGES
## (NILYELIZ AGUDELO)

91.     Plaintiff NILYELIZ AGUDELO re-alleges paragraphs 1 through 72 as if set forth fully herein.

92.     NILYELIZ AGUDELO entered into an oral contract for employment with ASAI under which, for services performed by NILYELIZ AGUDELO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay NILYELIZ AGUDELO $1,200.00.

93.     NILYELIZ AGUDELO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

94.     ASAI thus breached the employment contract by failing to pay NILYELIZ AGUDELO her promised and due wages for services performed.

95.     As a direct and proximate result of ASAI's breach of contract, NILYELIZ AGUDELO has suffered damages in the amount of wages not paid to her.

96.     As this is an action for unpaid wages, NILYELIZ AGUDELO entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff NILYELIZ AGUDELO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT FOR UNPAID WAGES
## (NAOMY ALPHONSE)

97.     Plaintiff NAOMY ALPHONSE re-alleges paragraphs 1 through 72 as if set forth fully herein.

18

98.    NAOMY ALPHONSE entered into an oral contract for employment with ASAI under which, for services performed by NAOMY ALPHONSE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay NAOMY ALPHONSE $1,500.00.

99.    NAOMY ALPHONSE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

100.    ASAI thus breached the employment contract by failing to pay NAOMY ALPHONSE her promised and due wages for services performed.

101.    As a direct and proximate result of ASAI's breach of contract, NAOMY ALPHONSE has suffered damages in the amount of wages not paid to her.

102.    As this is an action for unpaid wages, NAOMY ALPHONSE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff NAOMY ALPHONSE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

### COUNT VI – BREACH OF CONTRACT FOR UNPAID WAGES (SANDY APARICIO)

103.    Plaintiff SANDY APARICIO re-alleges paragraphs 1 through 72 as if set forth fully herein.

104.    SANDY APARICIO entered into an oral contract for employment with ASAI under which, for services performed by SANDY APARICIO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SANDY APARICIO $1,135.00.

105.     SANDY APARICIO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

106.     ASAI thus breached the employment contract by failing to pay SANDY APARICIO her promised and due wages for services performed.

107.     As a direct and proximate result of ASAI's breach of contract, SANDY APARICIO has suffered damages in the amount of wages not paid to her.

108.     As this is an action for unpaid wages, SANDY APARICIO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SANDY APARICIO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT VII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JULIAN ARBELAEZ)

109.     Plaintiff JULIAN ARBELAEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

110.     JULIAN ARBELAEZ entered into an oral contract for employment with ASAI under which, for services performed by JULIAN ARBELAEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JULIAN ARBELAEZ $2,500.00.

111.     JULIAN ARBELAEZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

112.    ASAI thus breached the employment contract by failing to pay JULIAN ARBELAEZ his promised and due wages for services performed.

113.    As a direct and proximate result of ASAI's breach of contract, JULIAN ARBELAEZ has suffered damages in the amount of wages not paid to him.

114.    As this is an action for unpaid wages, JULIAN ARBELAEZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JULIAN ARBELAEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT VIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (TULIO BALLON)

115.    Plaintiff TULIO BALLON re-alleges paragraphs 1 through 72 as if set forth fully herein.

116.    TULIO BALLON entered into an oral contract for employment with ASAI under which, for services performed by TULIO BALLON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay TULIO BALLON $840.00.

117.    TULIO BALLON performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

118.    ASAI thus breached the employment contract by failing to pay TULIO BALLON his promised and due wages for services performed.

119.    As a direct and proximate result of ASAI's breach of contract, TULIO BALLON has suffered damages in the amount of wages not paid to him.

120.    As this is an action for unpaid wages, TULIO BALLON is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff TULIO BALLON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT IX – BREACH OF CONTRACT FOR UNPAID WAGES
## (YOLANDA BURGOS de BARRIOS)

121.    Plaintiff YOLANDA BURGOS de BARRIOS re-alleges paragraphs 1 through 72 as if set forth fully herein.

122.    YOLANDA BURGOS de BARRIOS entered into an oral contract for employment with ASAI under which, for services performed by YOLANDA BURGOS de BARRIOS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay YOLANDA BURGOS de BARRIOS $1,360.00.

123.    YOLANDA BURGOS de BARRIOS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

124.    ASAI thus breached the employment contract by failing to pay YOLANDA BURGOS de BARRIOS her promised and due wages for services performed.

125.    As a direct and proximate result of ASAI's breach of contract, YOLANDA BURGOS de BARRIOS has suffered damages in the amount of wages not paid to her.

126.    As this is an action for unpaid wages, YOLANDA BURGOS de BARRIOS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

22

WHEREFORE, Plaintiff YOLANDA BURGOS de BARRIOS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT X – BREACH OF CONTRACT FOR UNPAID WAGES
## (JESSICA BRINGAS)

127.    Plaintiff JESSICA BRINGAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

128.    JESSICA BRINGAS entered into an oral contract for employment with ASAI under which, for services performed by JESSICA BRINGAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JESSICA BRINGAS $1,920.00.

129.    JESSICA BRINGAS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

130.    ASAI thus breached the employment contract by failing to pay JESSICA BRINGAS her promised and due wages for services performed.

131.    As a direct and proximate result of ASAI's breach of contract, JESSICA BRINGAS has suffered damages in the amount of wages not paid to her.

132.    As this is an action for unpaid wages, JESSICA BRINGAS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JESSICA BRINGAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

23

## COUNT XI – BREACH OF CONTRACT FOR UNPAID WAGES
## (CARLOS CAMPOS)

133.    Plaintiff CARLOS CAMPOS re-alleges paragraphs 1 through 72 as if set forth fully herein.

134.    CARLOS CAMPOS entered into an oral contract for employment with ASAI under which, for services performed by CARLOS CAMPOS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CARLOS CAMPOS $900.00.

135.    CARLOS CAMPOS performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

136.    ASAI thus breached the employment contract by failing to pay CARLOS CAMPOS his promised and due wages for services performed.

137.    As a direct and proximate result of ASAI's breach of contract, CARLOS CAMPOS has suffered damages in the amount of wages not paid to him.

138.    As this is an action for unpaid wages, CARLOS CAMPOS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CARLOS CAMPOS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XII – BREACH OF CONTRACT FOR UNPAID WAGES
## (PATRICIA CARRION)

139.    Plaintiff PATRICIA CARRION re-alleges paragraphs 1 through 72 as if set forth fully herein.

140.     PATRICIA CARRION entered into an oral contract for employment with ASAI under which, for services performed by PATRICIA CARRION during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay PATRICIA CARRION $1,200.00.

141.     PATRICIA CARRION performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between him and ASAI.

142.     ASAI thus breached the employment contract by failing to pay PATRICIA CARRION her promised and due wages for services performed.

143.     As a direct and proximate result of ASAI's breach of contract, PATRICIA CARRION has suffered damages in the amount of wages not paid to her.

144.     As this is an action for unpaid wages, PATRICIA CARRION is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff PATRICIA CARRION demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ROCIO CASTRO)

145.     Plaintiff ROCIO CASTRO re-alleges paragraphs 1 through 72 as if set forth fully herein.

146.     ROCIO CASTRO entered into an oral contract for employment with ASAI under which, for services performed by ROCIO CASTRO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ROCIO CASTRO $1,600.00.

147.   ROCIO CASTRO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between him and ASAI.

148.   ASAI thus breached the employment contract by failing to pay ROCIO CASTRO her promised and due wages for services performed.

149.   As a direct and proximate result of ASAI's breach of contract, ROCIO CASTRO has suffered damages in the amount of wages not paid to her.

150.   As this is an action for unpaid wages, ROCIO CASTRO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ROCIO CASTRO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIV – BREACH OF CONTRACT FOR UNPAID WAGES (LEONARDO CELORRIO)

151.   Plaintiff LEONARDO CELORRIO re-alleges paragraphs 1 through 72 as if set forth fully herein.

152.   LEONARDO CELORRIO entered into an oral contract for employment with ASAI under which, for services performed by LEONARDO CELORRIO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LEONARDO CELORRIO $1,360.00.

153.   LEONARDO CELORRIO performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

154.   ASAI thus breached the employment contract by failing to pay LEONARDO CELORRIO her promised and due wages for services performed.

155.   As a direct and proximate result of ASAI's breach of contract, LEONARDO CELORRIO has suffered damages in the amount of wages not paid to him.

156.   As this is an action for unpaid wages, LEONARDO CELORRIO is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XV – BREACH OF CONTRACT FOR UNPAID WAGES (DERRICK CHAPMAN)

157.   Plaintiff DERRICK CHAPMAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

158.   DERRICK CHAPMAN entered into an oral contract for employment with ASAI under which, for services performed by DERRICK CHAPMAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DERRICK CHAPMAN $1,650.00.

159.   DERRICK CHAPMAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

160.   ASAI thus breached the employment contract by failing to pay DERRICK CHAPMAN his promised and due wages for services performed.

161.   As a direct and proximate result of ASAI's breach of contract, DERRICK CHAPMAN has suffered damages in the amount of wages not paid to him.

27

162.    As this is an action for unpaid wages, DERRICK CHAPMAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DERRICK CHAPMAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XVI – BREACH OF CONTRACT FOR UNPAID WAGES (ERICA DAVIS-JEAN BAPTISTE)

163.    Plaintiff ERICA DAVIS-JEAN BAPTISTE re-alleges paragraphs 1 through 72 as if set forth fully herein.

164.    ERICA DAVIS-JEAN BAPTISTE entered into an oral contract for employment with ASAI under which, for services performed by ERICA DAVIS-JEAN BAPTISTE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERICA DAVIS-JEAN BAPTISTE $3,000.00.

165.    ERICA DAVIS-JEAN BAPTISTE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

166.    ASAI thus breached the employment contract by failing to pay ERICA DAVIS-JEAN BAPTISTE her promised and due wages for services performed.

167.    As a direct and proximate result of ASAI's breach of contract, ERICA DAVIS-JEAN BAPTISTE has suffered damages in the amount of wages not paid to her.

168.    As this is an action for unpaid wages, ERICA DAVIS-JEAN BAPTISTE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERICA DAVIS-JEAN BAPTISTE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ROSA DE LA COTERA)

169.    Plaintiff ROSA DE LA COTERA re-alleges paragraphs 1 through 72 as if set forth fully herein.

170.    ROSA DE LA COTERA entered into an oral contract for employment with ASAI under which, for services performed by ROSA DE LA COTERA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ROSA DE LA COTERA $2,320.00.

171.    ROSA DE LA COTERA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

172.    ASAI thus breached the employment contract by failing to pay ROSA DE LA COTERA her promised and due wages for services performed.

173.    As a direct and proximate result of ASAI's breach of contract, ROSA DE LA COTERA has suffered damages in the amount of wages not paid to her.

174.    As this is an action for unpaid wages, ROSA DE LA COTERA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ROSA DE LA COTERA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XVIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (SANDRA DUARTE)

175.    Plaintiff SANDRA DUARTE re-alleges paragraphs 1 through 72 as if set forth fully herein.

176.    SANDRA DUARTE entered into an oral contract for employment with ASAI under which, for services performed by SANDRA DUARTE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SANDRA DUARTE $1,500.00.

177.    SANDRA DUARTE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

178.    ASAI thus breached the employment contract by failing to pay SANDRA DUARTE her promised and due wages for services performed.

179.    As a direct and proximate result of ASAI's breach of contract, SANDRA DUARTE has suffered damages in the amount of wages not paid to her.

180.    As this is an action for unpaid wages, SANDRA DUARTE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SANDRA DUARTE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (EMILY ELLIOTT)

181.    Plaintiff EMILY ELLIOTT re-alleges paragraphs 1 through 72 as if set forth fully herein.

182.    EMILY ELLIOTT entered into an oral contract for employment with ASAI under which, for services performed by EMILY ELLIOTT during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EMILY ELLIOTT $1,800.00.

183.    EMILY ELLIOTT performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

184.    ASAI thus breached the employment contract by failing to pay EMILY ELLIOTT her promised and due wages for services performed.

185.    As a direct and proximate result of ASAI's breach of contract, EMILY ELLIOTT has suffered damages in the amount of wages not paid to her.

186.    As this is an action for unpaid wages, EMILY ELLIOTT is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EMILY ELLIOTT demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XX – BREACH OF CONTRACT FOR UNPAID WAGES
## (JENNIFER ERMIS)

187.     Plaintiff JENNIFER ERMIS re-alleges paragraphs 1 through 72 as if set forth fully herein.

188.     JENNIFER ERMIS entered into an oral contract for employment with ASAI under which, for services performed by JENNIFER ERMIS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JENNIFER ERMIS $1,340.00.

189.     JENNIFER ERMIS performed the services requested and required of him, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

190.     ASAI thus breached the employment contract by failing to pay JENNIFER ERMIS her promised and due wages for services performed.

191.     As a direct and proximate result of ASAI's breach of contract, JENNIFER ERMIS has suffered damages in the amount of wages not paid to her.

192.     As this is an action for unpaid wages, JENNIFER ERMIS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JENNIFER ERMIS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXI – BREACH OF CONTRACT FOR UNPAID WAGES
### (JAIRO RICHARD ESPANA)

193.   Plaintiff JAIRO RICHARD ESPANA re-alleges paragraphs 1 through 72 as if set forth fully herein.

194.   JAIRO RICHARD ESPANA entered into an oral contract for employment with ASAI under which, for services performed by JAIRO RICHARD ESPANA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JAIRO RICHARD ESPANA $1,200.00.

195.   JAIRO RICHARD ESPANA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

196.   ASAI thus breached the employment contract by failing to pay JAIRO RICHARD ESPANA his promised and due wages for services performed.

197.   As a direct and proximate result of ASAI's breach of contract, JAIRO RICHARD ESPANA has suffered damages in the amount of wages not paid to him.

198.   As this is an action for unpaid wages, JAIRO RICHARD ESPANA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JAIRO RICHARD ESPANA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXII – BREACH OF CONTRACT FOR UNPAID WAGES
### (MARIE F. EXANTUS)

199.    Plaintiff MARIE F. EXANTUS re-alleges paragraphs 1 through 72 as if set forth fully herein.

200.    MARIE F. EXANTUS entered into an oral contract for employment with ASAI under which, for services performed by MARIE F. EXANTUS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MARIE F. EXANTUS $3,000.00.

201.    MARIE F. EXANTUS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

202.    ASAI thus breached the employment contract by failing to pay MARIE F. EXANTUS her promised and due wages for services performed.

203.    As a direct and proximate result of ASAI's breach of contract, MARIE F. EXANTUS has suffered damages in the amount of wages not paid to her.

204.    As this is an action for unpaid wages, MARIE F. EXANTUS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARIE F. EXANTUS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ERIKA FONTICIELLA)

205.    Plaintiff ERIKA FONTICIELLA re-alleges paragraphs 1 through 72 as if set forth fully herein.

206.    ERIKA FONTICIELLA entered into an oral contract for employment with ASAI under which, for services performed by ERIKA FONTICIELLA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERIKA FONTICIELLA $2,500.00.

207.    ERIKA FONTICIELLA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

208.    ASAI thus breached the employment contract by failing to pay ERIKA FONTICIELLA her promised and due wages for services performed.

209.    As a direct and proximate result of ASAI's breach of contract, ERIKA FONTICIELLA has suffered damages in the amount of wages not paid to her.

210.    As this is an action for unpaid wages, ERIKA FONTICIELLA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERIKA FONTICIELLA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

35

## COUNT XXIV – BREACH OF CONTRACT FOR UNPAID WAGES
## (JORGE GARAY)

211.    Plaintiff JORGE GARAY re-alleges paragraphs 1 through 72 as if set forth fully herein.

212.    JORGE GARAY entered into an oral contract for employment with ASAI under which, for services performed by JORGE GARAY during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JORGE GARAY $2,310.00.

213.    JORGE GARAY performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

214.    ASAI thus breached the employment contract by failing to pay JORGE GARAY his promised and due wages for services performed.

215.    As a direct and proximate result of ASAI's breach of contract, JORGE GARAY has suffered damages in the amount of wages not paid to him.

216.    As this is an action for unpaid wages, JORGE GARAY is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JORGE GARAY demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

36

## COUNT XXV – BREACH OF CONTRACT FOR UNPAID WAGES
## (CLAUDIA DUARTE GARCIA)

217.    Plaintiff CLAUDIA DUARTE GARCIA re-alleges paragraphs 1 through 72 as if set forth fully herein.

218.    CLAUDIA DUARTE GARCIA entered into an oral contract for employment with ASAI under which, for services performed by CLAUDIA DUARTE GARCIA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CLAUDIA DUARTE GARCIA $1,500.00.

219.    CLAUDIA DUARTE GARCIA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

220.    ASAI thus breached the employment contract by failing to pay CLAUDIA DUARTE GARCIA her promised and due wages for services performed.

221.    As a direct and proximate result of ASAI's breach of contract, CLAUDIA DUARTE GARCIA has suffered damages in the amount of wages not paid to her.

222.    As this is an action for unpaid wages, CLAUDIA DUARTE GARCIA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CLAUDIA DUARTE GARCIA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVI – BREACH OF CONTRACT FOR UNPAID WAGES
### (SCOTT GOLDMAN)

223.    Plaintiff SCOTT GOLDMAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

224.    SCOTT GOLDMAN entered into an oral contract for employment with ASAI under which, for services performed by SCOTT GOLDMAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SCOTT GOLDMAN $1,600.00.

225.    SCOTT GOLDMAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

226.    ASAI thus breached the employment contract by failing to pay SCOTT GOLDMAN his promised and due wages for services performed.

227.    As a direct and proximate result of ASAI's breach of contract, SCOTT GOLDMAN has suffered damages in the amount of wages not paid to him.

228.    As this is an action for unpaid wages, SCOTT GOLDMAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SCOTT GOLDMAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (RICHARD JOHNSON, II)

229.    Plaintiff RICHARD JOHNSON, II re-alleges paragraphs 1 through 72 as if set forth fully herein.

230.    RICHARD JOHNSON, II entered into an oral contract for employment with ASAI under which, for services performed by RICHARD JOHNSON, II during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay RICHARD JOHNSON, II $5,500.00.

231.    RICHARD JOHNSON, II performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between him and ASAI.

232.    ASAI thus breached the employment contract by failing to pay RICHARD JOHNSON, II her promised and due wages for services performed.

233.    As a direct and proximate result of ASAI's breach of contract, RICHARD JOHNSON, II has suffered damages in the amount of wages not paid to her.

234.    As this is an action for unpaid wages, RICHARD JOHNSON, II is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff RICHARD JOHNSON, II demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (LOREN M. JUNCIEL)

235.    Plaintiff LORENA M. JUNCIEL re-alleges paragraphs 1 through 72 as if set forth fully herein.

236.    LORENA M. JUNCIEL entered into an oral contract for employment with ASAI under which, for services performed by LORENA M. JUNCIEL during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LORENA M. JUNCIEL $1,000.00.

237.    LORENA M. JUNCIEL performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

238.    ASAI thus breached the employment contract by failing to pay LORENA M. JUNCIEL her promised and due wages for services performed.

239.    As a direct and proximate result of ASAI's breach of contract, LORENA M. JUNCIEL has suffered damages in the amount of wages not paid to her.

240.    As this is an action for unpaid wages, LORENA M. JUNCIEL is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LORENA M. JUNCIEL demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## <u>COUNT XXIX – BREACH OF CONTRACT FOR UNPAID WAGES</u>
## <u>(ERIC KAHLAN)</u>

241.    Plaintiff ERIC KAHLAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

242.    ERIC KAHLAN entered into an oral contract for employment with ASAI under which, for services performed by ERIC KAHLAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERIC KAHLAN $1,500.00.

243.    ERIC KAHLAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

244.    ASAI thus breached the employment contract by failing to pay ERIC KAHLAN his promised and due wages for services performed.

245.    As a direct and proximate result of ASAI's breach of contract, ERIC KAHLAN has suffered damages in the amount of wages not paid to him.

246.    As this is an action for unpaid wages, ERIC KAHLAN is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERIC KAHLAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

41

## COUNT XXX – BREACH OF CONTRACT FOR UNPAID WAGES
### (THERESA KNIGHT)

247.    Plaintiff THERESA KNIGHT re-alleges paragraphs 1 through 72 as if set forth fully herein.

248.    THERESA KNIGHT entered into an oral contract for employment with ASAI under which, for services performed by THERESA KNIGHT during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay THERESA KNIGHT $2,700.00.

249.    THERESA KNIGHT performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

250.    ASAI thus breached the employment contract by failing to pay THERESA KNIGHT her promised and due wages for services performed.

251.    As a direct and proximate result of ASAI's breach of contract, THERESA KNIGHT has suffered damages in the amount of wages not paid to her.

252.    As this is an action for unpaid wages, THERESA KNIGHT is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff THERESA KNIGHT demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

42

## COUNT XXXI– BREACH OF CONTRACT FOR UNPAID WAGES
## (DERRICK LEE)

253.    Plaintiff DERRICK LEE re-alleges paragraphs 1 through 72 as if set forth fully herein.

254.    DERRICK LEE entered into an oral contract for employment with ASAI under which, for services performed by DERRICK LEE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DERRICK LEE $1,500.00.

255.    DERRICK LEE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between him and ASAI.

256.    ASAI thus breached the employment contract by failing to pay DERRICK LEE her promised and due wages for services performed.

257.    As a direct and proximate result of ASAI's breach of contract, DERRICK LEE has suffered damages in the amount of wages not paid to her.

258.    As this is an action for unpaid wages, DERRICK LEE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DERRICK LEE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

43

## COUNT XXXII – BREACH OF CONTRACT FOR UNPAID WAGES
### (JANI LINDSAY)

259.    Plaintiff JANI LINDSAY re-alleges paragraphs 1 through 72 as if set forth fully herein.

260.    JANI LINDSAY entered into an oral contract for employment with ASAI under which, for services performed by JANI LINDSAY during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JANI LINDSAY $900.00.

261.    JANI LINDSAY performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

262.    ASAI thus breached the employment contract by failing to pay JANI LINDSAY her promised and due wages for services performed.

263.    As a direct and proximate result of ASAI's breach of contract, JANI LINDSAY has suffered damages in the amount of wages not paid to her.

264.    As this is an action for unpaid wages, JANI LINDSAY is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JANI LINDSAY demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (MARIA MAIQUEZ)

265.     Plaintiff MARIA MAIQUEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

266.     MARIA MAIQUEZ entered into an oral contract for employment with ASAI under which, for services performed by MARIA MAIQUEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MARIA MAIQUEZ $1,541.37.

267.     MARIA MAIQUEZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

268.     ASAI thus breached the employment contract by failing to pay MARIA MAIQUEZ her promised and due wages for services performed.

269.     As a direct and proximate result of ASAI's breach of contract, MARIA MAIQUEZ has suffered damages in the amount of wages not paid to her.

270.     As this is an action for unpaid wages, MARIA MAIQUEZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARIA MAIQUEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXIV – BREACH OF CONTRACT FOR UNPAID WAGES
## (HERNEY MANCERA)

271.    Plaintiff HERNEY MANCERA re-alleges paragraphs 1 through 72 as if set forth fully herein.

272.    HERNEY MANCERA entered into an oral contract for employment with ASAI under which, for services performed by HERNEY MANCERA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HERNEY MANCERA $1,400.00.

273.    HERNEY MANCERA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

274.    ASAI thus breached the employment contract by failing to pay HERNEY MANCERA his promised and due wages for services performed.

275.    As a direct and proximate result of ASAI's breach of contract, HERNEY MANCERA has suffered damages in the amount of wages not paid to him.

276.    As this is an action for unpaid wages, HERNEY MANCERA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HERNEY MANCERA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXV – BREACH OF CONTRACT FOR UNPAID WAGES
## (MARTHA L. ORTIZ)

277.    Plaintiff MARTHA L. ORTIZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

278.    MARTHA L. ORTIZ entered into an oral contract for employment with ASAI under which, for services performed by MARTHA L. ORTIZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MARTHA L. ORTIZ $2,200.00.

279.    MARTHA L. ORTIZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

280.    ASAI thus breached the employment contract by failing to pay MARTHA L. ORTIZ her promised and due wages for services performed.

281.    As a direct and proximate result of ASAI's breach of contract, MARTHA L. ORTIZ has suffered damages in the amount of wages not paid to her.

282.    As this is an action for unpaid wages, MARTHA L. ORTIZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARTHA L. ORTIZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXVI – BREACH OF CONTRACT FOR UNPAID WAGES
## (EDNA OSORNO)

283.    Plaintiff EDNA OSORNO re-alleges paragraphs 1 through 72 as if set forth fully herein.

284.    EDNA OSORNO entered into an oral contract for employment with ASAI under which, for services performed by EDNA OSORNO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDNA OSORNO $1,340.00.

285.    EDNA OSORNO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

286.    ASAI thus breached the employment contract by failing to pay EDNA OSORNO her promised and due wages for services performed.

287.    As a direct and proximate result of ASAI's breach of contract, EDNA OSORNO has suffered damages in the amount of wages not paid to her.

288.    As this is an action for unpaid wages, EDNA OSORNO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDNA OSORNO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

48

## COUNT XXXVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (REBECCA VIZCAINO PAVON)

289.    Plaintiff REBECCA VIZCAINO PAVON re-alleges paragraphs 1 through 72 as if set forth fully herein.

290.    REBECCA VIZCAINO PAVON entered into an oral contract for employment with ASAI under which, for services performed by REBECCA VIZCAINO PAVON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay REBECCA VIZCAINO PAVON $2,145.00.

291.    REBECCA VIZCAINO PAVON performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

292.    ASAI thus breached the employment contract by failing to pay REBECCA VIZCAINO PAVON her promised and due wages for services performed.

293.    As a direct and proximate result of ASAI's breach of contract, REBECCA VIZCAINO PAVON has suffered damages in the amount of wages not paid to her.

294.    As this is an action for unpaid wages, REBECCA VIZCAINO PAVON is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff REBECCA VIZCAINO PAVON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

49

## COUNT XXXVIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (DAISY P. PRIETO)

295.    Plaintiff DAISY P. PRIETO re-alleges paragraphs 1 through 72 as if set forth fully herein.

296.    DAISY P. PRIETO entered into an oral contract for employment with ASAI under which, for services performed by DAISY P. PRIETO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DAISY P. PRIETO $2,625.00.

297.    DAISY P. PRIETO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

298.    ASAI thus breached the employment contract by failing to pay DAISY P. PRIETO her promised and due wages for services performed.

299.    As a direct and proximate result of ASAI's breach of contract, DAISY P. PRIETO has suffered damages in the amount of wages not paid to her.

300.    As this is an action for unpaid wages, DAISY P. PRIETO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DAISY P. PRIETO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (MANUEL PRIETO)

301.   Plaintiff MANUEL PRIETO re-alleges paragraphs 1 through 72 as if set forth fully herein.

302.   MANUEL PRIETO entered into an oral contract for employment with ASAI under which, for services performed by MANUEL PRIETO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MANUEL PRIETO $2,625.00.

303.   MANUEL PRIETO performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

304.   ASAI thus breached the employment contract by failing to pay MANUEL PRIETO his promised and due wages for services performed.

305.   As a direct and proximate result of ASAI's breach of contract, MANUEL PRIETO has suffered damages in the amount of wages not paid to him.

306.   As this is an action for unpaid wages, MANUEL PRIETO is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MANUEL PRIETO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

51

## COUNT XL – BREACH OF CONTRACT FOR UNPAID WAGES
## (CHRISTY RAMIREZ)

307.    Plaintiff CHRISTY RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

308.    CHRISTY RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by CHRISTY RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CHRISTY RAMIREZ $1,540.00.

309.    CHRISTY RAMIREZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

310.    ASAI thus breached the employment contract by failing to pay CHRISTY RAMIREZ her promised and due wages for services performed.

311.    As a direct and proximate result of ASAI's breach of contract, CHRISTY RAMIREZ has suffered damages in the amount of wages not paid to her.

312.    As this is an action for unpaid wages, CHRISTY RAMIREZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CHRISTY RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLI – BREACH OF CONTRACT FOR UNPAID WAGES
### (LIA E. RAMIREZ)

313.    Plaintiff LIA E. RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

314.    LIA E. RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by LIA E. RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LIA E. RAMIREZ $1,540.00.

315.    LIA E. RAMIREZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

316.    ASAI thus breached the employment contract by failing to pay LIA E. RAMIREZ her promised and due wages for services performed.

317.    As a direct and proximate result of ASAI's breach of contract, LIA E. RAMIREZ has suffere d damages in the amount of wages not paid to her.

318.    As this is an action for unpaid wages, LIA E. RAMIREZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LIA E. RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JORGE RAMIREZ)

319.    Plaintiff JORGE RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

320.    JORGE RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by JORGE RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to JORGE RAMIREZ $2,000.00.

321.    JORGE RAMIREZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

322.    ASAI thus breached the employment contract by failing to pay JORGE RAMIREZ his promised and due wages for services performed.

323.    As a direct and proximate result of ASAI's breach of contract, JORGE RAMIREZ has suffered damages in the amount of wages not paid to him.

324.    As this is an action for unpaid wages, JORGE RAMIREZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JORGE RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JEFFREY ROCA)

325.    Plaintiff JEFFREY ROCA re-alleges paragraphs 1 through 72 as if set forth fully herein.

326.    JEFFREY ROCA entered into an oral contract for employment with ASAI under which, for services performed by JEFFREY ROCA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to JEFFREY ROCA $1,800.00.

327.    JEFFREY ROCA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

328.    ASAI thus breached the employment contract by failing to pay JEFFREY ROCA his promised and due wages for services performed.

329.    As a direct and proximate result of ASAI's breach of contract, JEFFREY ROCA has suffered damages in the amount of wages not paid to him.

330.    As this is an action for unpaid wages, JEFFREY ROCA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JEFFREY ROCA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIV– BREACH OF CONTRACT FOR UNPAID WAGES
### (EDGAR A. RUIZ)

331.    Plaintiff EDGAR A. RUIZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

332.    EDGAR A. RUIZ entered into an oral contract for employment with ASAI under which, for services performed by EDGAR A. RUIZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDGAR A. RUIZ $1,500.00.

333.    EDGAR A. RUIZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

334.    ASAI thus breached the employment contract by failing to pay EDGAR A. RUIZ his promised and due wages for services performed.

335.    As a direct and proximate result of ASAI's breach of contract, EDGAR A. RUIZ has suffered damages in the amount of wages not paid to him.

336.    As this is an action for unpaid wages, EDGAR A. RUIZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDGAR A. RUIZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLV – BREACH OF CONTRACT FOR UNPAID WAGES
## (EDUARDO SABAS)

337.    Plaintiff EDUARDO SABAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

338.    EDUARDO SABAS entered into an oral contract for employment with ASAI under which, for services performed by EDUARDO SABAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDUARDO SABAS $2,450.00.

339.    EDUARDO SABAS performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

340.    ASAI thus breached the employment contract by failing to pay EDUARDO SABAS his promised and due wages for services performed.

341.    As a direct and proximate result of ASAI's breach of contract, EDUARDO SABAS has suffered damages in the amount of wages not paid to him.

342.    As this is an action for unpaid wages, EDUARDO SABAS is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDUARDO SABAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLVI – BREACH OF CONTRACT FOR UNPAID WAGES
## (ALBA SALDARRIAGA)

343.    Plaintiff ALBA SALDARRIAGA re-alleges paragraphs 1 through 72 as if set forth fully herein.

344.    ALBA SALDARRIAGA entered into an oral contract for employment with ASAI under which, for services performed by ALBA SALDARRIAGA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ALBA SALDARRIAGA $930.00.

345.    ALBA SALDARRIAGA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

346.    ASAI thus breached the employment contract by failing to pay ALBA SALDARRIAGA her promised and due wages for services performed.

347.    As a direct and proximate result of ASAI's breach of contract, ALBA SALDARRIAGA has suffered damages in the amount of wages not paid to her.

348.    As this is an action for unpaid wages, ALBA SALDARRIAGA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ALBA SALDARRIAGA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

58

## COUNT XLVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ELIZABETH SAN MARTIN)

349.    Plaintiff ELIZABETH SAN MARTIN re-alleges paragraphs 1 through 72 as if set forth fully herein.

350.    ELIZABETH SAN MARTIN entered into an oral contract for employment with ASAI under which, for services performed by ELIZABETH SAN MARTIN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ELIZABETH SAN MARTIN $1,600.00.

351.    ELIZABETH SAN MARTIN performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

352.    ASAI thus breached the employment contract by failing to pay ELIZABETH SAN MARTIN her promised and due wages for services performed.

353.    As a direct and proximate result of ASAI's breach of contract, ELIZABETH SAN MARTIN has suffered damages in the amount of wages not paid to her.

354.    As this is an action for unpaid wages, ELIZABETH SAN MARTIN is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ELIZABETH SAN MARTIN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLVIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (HELEN SIERRA)

355.   Plaintiff HELEN SIERRA re-alleges paragraphs 1 through 72 as if set forth fully herein.

356.   HELEN SIERRA entered into an oral contract for employment with ASAI under which, for services performed by HELEN SIERRA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HELEN SIERRA $600.00.

357.   HELEN SIERRA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

358.   ASAI thus breached the employment contract by failing to pay HELEN SIERRA her promised and due wages for services performed.

359.   As a direct and proximate result of ASAI's breach of contract, HELEN SIERRA has suffered damages in the amount of wages not paid to her.

360.   As this is an action for unpaid wages, HELEN SIERRA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HELEN SIERRA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (DEDRIC STAFFORD)

361.    Plaintiff DEDRIC STAFFORD re-alleges paragraphs 1 through 72 as if set forth fully herein.

362.    DEDRIC STAFFORD entered into an oral contract for employment with ASAI under which, for services performed by DEDRIC STAFFORD during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DEDRIC STAFFORD $2,700.00.

363.    DEDRIC STAFFORD performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

364.    ASAI thus breached the employment contract by failing to pay DEDRIC STAFFORD her promised and due wages for services performed.

365.    As a direct and proximate result of ASAI's breach of contract, DEDRIC STAFFORD has suffered damages in the amount of wages not paid to him.

366.    As this is an action for unpaid wages, DEDRIC STAFFORD is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DEDRIC STAFFORD demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT L – BREACH OF CONTRACT FOR UNPAID WAGES
### (WALTER TORRES)

367.    Plaintiff WALTER TORRES re-alleges paragraphs 1 through 72 as if set forth fully herein.

368.    WALTER TORRES entered into an oral contract for employment with ASAI under which, for services performed by WALTER TORRES during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay WALTER TORRES $1,600.00.

369.    WALTER TORRES performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

370.    ASAI thus breached the employment contract by failing to pay WALTER TORRES his promised and due wages for services performed.

371.    As a direct and proximate result of ASAI's breach of contract, WALTER TORRES has suffered damages in the amount of wages not paid to him.

372.    As this is an action for unpaid wages, WALTER TORRES is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff WALTER TORRES demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LI – BREACH OF CONTRACT FOR UNPAID WAGES
## (MANUEL VASQUEZ)

373.    Plaintiff MANUEL VASQUEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

374.    MANUEL VASQUEZ entered into an oral contract for employment with ASAI under which, for services performed by MANUEL VASQUEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MANUEL VASQUEZ $3,300.00.

375.    MANUEL VASQUEZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

376.    ASAI thus breached the employment contract by failing to pay MANUEL VASQUEZ his promised and due wages for services performed.

377.    As a direct and proximate result of ASAI's breach of contract, MANUEL VASQUEZ has suffered damages in the amount of wages not paid to him.

378.    As this is an action for unpaid wages, MANUEL VASQUEZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MANUEL VASQUEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LII – BREACH OF CONTRACT FOR UNPAID WAGES
## (KATIE WATSON)

379.    Plaintiff KATIE WATSON re-alleges paragraphs 1 through 72 as if set forth fully herein.

380.    KATIE WATSON entered into an oral contract for employment with ASAI under which, for services performed by KATIE WATSON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay KATIE WATSON $3,000.00.

381.    KATIE WATSON performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

382.    ASAI thus breached the employment contract by failing to pay KATIE WATSON her promised and due wages for services performed.

383.    As a direct and proximate result of ASAI's breach of contract, KATIE WATSON has suffered damages in the amount of wages not paid to her.

384.    As this is an action for unpaid wages, KATIE WATSON is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff KATIE WATSON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LIII – UNJUST ENRICHMENT
## (HAYAT AARRAS)

385.   Plaintiff HAYAT AARRAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

386.   Plaintiff HAYAT AARRAS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

387.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff HAYAT AARRAS.

388.   Plaintiff HAYAT AARRAS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff HAYAT AARRAS' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff HAYAT AARRAS the reasonable value of those services.   Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff HAYAT AARRAS and the other Plaintiffs in this case.

389.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff HAYAT AARRAS the reasonable value for her services performed for their benefit.

390.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff HAYAT AARRAS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff HAYAT AARRAS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LIV – UNJUST ENRICHMENT
## (NILYELIZ AGUDELO)

391.    Plaintiff NILYELIZ AGUDELO re-alleges paragraphs 1 through 72 as if set forth fully herein.

392.    Plaintiff NILYELIZ AGUDELO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

393.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff NILYELIZ AGUDELO.

394.    Plaintiff NILYELIZ AGUDELO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff NILYELIZ AGUDELO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff NILYELIZ AGUDELO the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff NILYELIZ AGUDELO and the other Plaintiffs in this case.

395.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff NILYELIZ AGUDELO the reasonable value for her services performed for their benefit.

396.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff NILYELIZ AGUDELO has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff NILYELIZ AGUDELO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<div align="center">

**COUNT LV – UNJUST ENRICHMENT**
**(NAOMY ALPHONSE)**

</div>

397.   Plaintiff NAOMY ALPHONSE re-alleges paragraphs 1 through 72 as if set forth fully herein.

398.   Plaintiff NAOMY ALPHONSE conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

399.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff NAOMY ALPHONSE.

400.   Plaintiff NAOMY ALPHONSE was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff NAOMY ALPHONSE's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff NAOMY ALPHONSE the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff NAOMY ALPHONSE and the other Plaintiffs in this case.

<div align="center">67</div>

401.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff NAOMY ALPHONSE the reasonable value for her services performed for their benefit.

402.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff NAOMY ALPHONSE has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff NAOMY ALPHONSE demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<div align="center">

**COUNT LVI – UNJUST ENRICHMENT**
**(SANDY APARICIO)**

</div>

403.    Plaintiff SANDY APARICIO re-alleges paragraphs 1 through 72 as if set forth fully herein.

404.    Plaintiff SANDY APARICIO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

405.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff SANDY APARICIO.

406.    Plaintiff SANDY APARICIO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff SANDY APARICIO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff SANDY APARICIO the reasonable value of

<div align="center">68</div>

those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff SANDY APARICIO and the other Plaintiffs in this case.

407.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff SANDY APARICIO the reasonable value for her services performed for their benefit.

408.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff SANDY APARICIO has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff SANDY APARICIO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LVII – UNJUST ENRICHMENT
### (JULIAN ARBELAEZ)

409.   Plaintiff JULIAN ARBELAEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

410.   Plaintiff JULIAN ARBELAEZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

411.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JULIAN ARBELAEZ.

412.   Plaintiff JULIAN ARBELAEZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

69

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JULIAN ARBELAEZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JULIAN ARBELAEZ the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JULIAN ARBELAEZ and the other Plaintiffs in this case.

413. EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JULIAN ARBELAEZ the reasonable value for her services performed for their benefit.

414. As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JULIAN ARBELAEZ has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff JULIAN ARBELAEZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LVIII – UNJUST ENRICHMENT
### (TULIO BALLON)

415. Plaintiff TULIO BALLON re-alleges paragraphs 1 through 72 as if set forth fully herein.

416. Plaintiff TULIO BALLON conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

70

417.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff TULIO BALLON.

418.    Plaintiff TULIO BALLON was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff TULIO BALLON's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff TULIO BALLON the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff TULIO BALLON and the other Plaintiffs in this case.

419.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff TULIO BALLON the reasonable value for her services performed for their benefit.

420.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff TULIO BALLON has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff TULIO BALLON demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LIX – UNJUST ENRICHMENT
### (JESSICA BRINGAS)

421.    Plaintiff JESSICA BRINGAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

71

422.    Plaintiff JESSICA BRINGAS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

423.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JESSICA BRINGAS.

424.    Plaintiff JESSICA BRINGAS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JESSICA BRINGAS's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JESSICA BRINGAS the reasonable value of those services.   Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JESSICA BRINGAS and the other Plaintiffs in this case.

425.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JESSICA BRINGAS the reasonable value for her services performed for their benefit.

426.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JESSICA BRINGAS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff JESSICA BRINGAS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LX – UNJUST ENRICHMENT
### (YOLANDA BURGOS de BARRIOS)

427.   Plaintiff YOLANDA BURGOS de BARRIOS re-alleges paragraphs 1 through 72 as if set forth fully herein.

428.   Plaintiff YOLANDA BURGOS de BARRIOS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

429.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff YOLANDA BURGOS de BARRIOS.

430.   Plaintiff YOLANDA BURGOS de BARRIOS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff YOLANDA BURGOS de BARRIOS' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff YOLANDA BURGOS de BARRIOS the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff YOLANDA BURGOS de BARRIOS and the other Plaintiffs in this case.

431.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff YOLANDA BURGOS de BARRIOS the reasonable value for her services performed for their benefit.

432.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff YOLANDA BURGOS de BARRIOS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff YOLANDA BURGOS de BARRIOS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXI – UNJUST ENRICHMENT
## (CARLOS CAMPOS)

433.    Plaintiff CARLOS CAMPOS re-alleges paragraphs 1 through 72 as if set forth fully herein.

434.    Plaintiff CARLOS CAMPOS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

435.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff CARLOS CAMPOS.

436.    Plaintiff CARLOS CAMPOS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff CARLOS CAMPOS' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff CARLOS CAMPOS the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff CARLOS CAMPOS and the other Plaintiffs in this case.

437.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff CARLOS CAMPOS the reasonable value for his services performed for their benefit.

74

438.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff CARLOS CAMPOS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff CARLOS CAMPOS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<div align="center">

**COUNT LXII – UNJUST ENRICHMENT
(PATRICIA CARRION)**

</div>

439.    Plaintiff PATRICIA CARRION re-alleges paragraphs 1 through 72 as if set forth fully herein.

440.    Plaintiff PATRICIA CARRION conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

441.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff PATRICIA CARRION.

442.    Plaintiff PATRICIA CARRION was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff PATRICIA CARRION's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff PATRICIA CARRION the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff PATRICIA CARRION and the other Plaintiffs in this case.

443.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff PATRICIA CARRION the reasonable value for her services performed for their benefit.

444.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff PATRICIA CARRION has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff PATRICIA CARRION demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXIII – UNJUST ENRICHMENT
### (ROCIO CASTRO)

445.   Plaintiff ROCIO CASTRO re-alleges paragraphs 1 through 72 as if set forth fully herein.

446.   Plaintiff ROCIO CASTRO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

447.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ROCIO CASTRO.

448.   Plaintiff ROCIO CASTRO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ROCIO CASTRO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ROCIO CASTRO the reasonable value of those services.

Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ROCIO CASTRO and the other Plaintiffs in this case.

449.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ROCIO CASTRO the reasonable value for her services performed for their benefit.

450.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ROCIO CASTRO has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ROCIO CASTRO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXIV – UNJUST ENRICHMENT
### (LEONARDO CELORRIO)

451.    Plaintiff LEONARDO CELORRIO re-alleges paragraphs 1 through 72 as if set forth fully herein.

452.    Plaintiff LEONARDO CELORRIO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

453.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff LEONARDO CELORRIO.

454.    Plaintiff LEONARDO CELORRIO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

77

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff LEONARDO CELORRIO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff LEONARDO CELORRIO the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff LEONARDO CELORRIO and the other Plaintiffs in this case.

455.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff LEONARDO CELORRIO the reasonable value for her services performed for their benefit.

456.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff LEONARDO CELORRIO has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXV – UNJUST ENRICHMENT
### (DERRICK CHAPMAN)

457.   Plaintiff DERRICK CHAPMAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

458.   Plaintiff DERRICK CHAPMAN conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

459.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff DERRICK CHAPMAN.

460.    Plaintiff DERRICK CHAPMAN was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff DERRICK CHAPMAN's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff DERRICK CHAPMAN the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff DERRICK CHAPMAN and the other Plaintiffs in this case.

461.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff DERRICK CHAPMAN the reasonable value for her services performed for their benefit.

462.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff DERRICK CHAPMAN has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff DERRICK CHAPMAN demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXVI – UNJUST ENRICHMENT
## (ERICA DAVIS JEAN BAPTISTE)

463.    Plaintiff ERICA DAVIS-JEAN BAPTISTE re-alleges paragraphs 1 through 72 as if set forth fully herein.

464. Plaintiff ERICA DAVIS-JEAN BAPTISTE conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

465. EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ERICA DAVIS-JEAN BAPTISTE.

466. Plaintiff ERICA DAVIS-JEAN BAPTISTE was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ERICA DAVIS-JEAN BAPTISTE's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ERICA DAVIS-JEAN BAPTISTE the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ERICA DAVIS-JEAN BAPTISTE and the other Plaintiffs in this case.

467. EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ERICA DAVIS-JEAN BAPTISTE the reasonable value for her services performed for their benefit.

468. As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ERICA DAVIS-JEAN BAPTISTE has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ERICA DAVIS-JEAN BAPTISTE demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered

and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXVII – UNJUST ENRICHMENT
### (ROSA DE LA COTERA)

469.    Plaintiff ROSA DE LA COTERA re-alleges paragraphs 1 through 72 as if set forth fully herein.

470.    Plaintiff ROSA DE LA COTERA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

471.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ROSA DE LA COTERA.

472.    Plaintiff ROSA DE LA COTERA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ROSA DE LA COTERA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ROSA DE LA COTERA the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ROSA DE LA COTERA and the other Plaintiffs in this case.

473.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ROSA DE LA COTERA the reasonable value for her services performed for their benefit.

474.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ROSA DE LA COTERA has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ROSA DE LA COTERA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<u>COUNT LXVIII – UNJUST ENRICHMENT</u>
<u>(SANDRA DUARTE)</u>

475.    Plaintiff SANDRA DUARTE re-alleges paragraphs 1 through 72 as if set forth fully herein.

476.    Plaintiff SANDRA DUARTE conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

477.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff SANDRA DUARTE.

478.    Plaintiff SANDRA DUARTE was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff SANDRA DUARTE's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff SANDRA DUARTE the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff SANDRA DUARTE and the other Plaintiffs in this case.

479.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff SANDRA DUARTE the reasonable value for her services performed for their benefit.

480.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff SANDRA DUARTE has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff SANDRA DUARTE demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXIX – UNJUST ENRICHMENT
## (EMILY ELLIOTT)

481.    Plaintiff EMILY ELLIOTT re-alleges paragraphs 1 through 72 as if set forth fully herein.

482.    Plaintiff EMILY ELLIOTT conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

483.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff EMILY ELLIOTT.

484.    Plaintiff EMILY ELLIOTT was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff EMILY ELLIOTT's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff EMILY ELLIOTT the reasonable value of those services.

Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff EMILY ELLIOTT and the other Plaintiffs in this case.

485.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff EMILY ELLIOTT the reasonable value for her services performed for their benefit.

486.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff EMILY ELLIOTT has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff EMILY ELLIOTT demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXX – UNJUST ENRICHMENT
### (JENNIFER ERMIS)

487.   Plaintiff JENNIFER ERMIS re-alleges paragraphs 1 through 72 as if set forth fully herein.

488.   Plaintiff JENNIFER ERMIS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

489.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JENNIFER ERMIS.

490.   Plaintiff JENNIFER ERMIS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JENNIFER ERMIS's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JENNIFER ERMIS the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JENNIFER ERMIS and the other Plaintiffs in this case.

491.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JENNIFER ERMIS the reasonable value for her services performed for their benefit.

492.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JENNIFER ERMIS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff JENNIFER ERMIS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<u>**COUNT LXXI – UNJUST ENRICHMENT**</u>
<u>**(JAIRO RICHARD ESPANA)**</u>

493.    Plaintiff JAIRO RICHARD ESPANA re-alleges paragraphs 1 through 72 as if set forth fully herein.

494.    Plaintiff JAIRO RICHARD ESPANA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

495.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JAIRO RICHARD ESPANA.

496.   Plaintiff JAIRO RICHARD ESPANA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JAIRO RICHARD ESPANA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JAIRO RICHARD ESPANA the reasonable value of those services.   Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JAIRO RICHARD ESPANA and the other Plaintiffs in this case.

497.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JAIRO RICHARD ESPANA the reasonable value for her services performed for their benefit.

498.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JAIRO RICHARD ESPANA has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff JAIRO RICHARD ESPANA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LXXII – UNJUST ENRICHMENT
### (MARIE F. EXANTUS)

499.   Plaintiff MARIE F. EXANTUS re-alleges paragraphs 1 through 72 as if set forth fully herein.

86

500.    Plaintiff MARIE F. EXANTUS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

501.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff MARIE F. EXANTUS.

502.    Plaintiff MARIE F. EXANTUS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MARIE F. EXANTUS' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff MARIE F. EXANTUS the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff MARIE F. EXANTUS and the other Plaintiffs in this case.

503.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff MARIE F. EXANTUS the reasonable value for her services performed for their benefit.

504.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff MARIE F. EXANTUS has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff MARIE F. EXANTUS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXIII – UNJUST ENRICHMENT
## (ERIKA FONTICIELLA)

505.    Plaintiff ERIKA FONTICIELLA re-alleges paragraphs 1 through 72 as if set forth fully herein.

506.    Plaintiff ERIKA FONTICIELLA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

507.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ERIKA FONTICIELLA.

508.    Plaintiff ERIKA FONTICIELLA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ERIKA FONTICIELLA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ERIKA FONTICIELLA the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ERIKA FONTICIELLA and the other Plaintiffs in this case.

509.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ERIKA FONTICIELLA the reasonable value for her services performed for their benefit.

510.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ERIKA FONTICIELLA has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ERIKA FONTICIELLA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXIV – UNJUST ENRICHMENT
## (JORGE GARAY)

511.    Plaintiff JORGE GARAY re-alleges paragraphs 1 through 72 as if set forth fully herein.

512.    Plaintiff JORGE GARAY conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

513.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JORGE GARAY.

514.    Plaintiff JORGE GARAY was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JORGE GARAY's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JORGE GARAY the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JORGE GARAY and the other Plaintiffs in this case.

515.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JORGE GARAY the reasonable value for her services performed for their benefit.

516.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JORGE GARAY has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff JORGE GARAY demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXV – UNJUST ENRICHMENT
## (CLAUDIA DUARTE GARCIA)

517.   Plaintiff CLAUDIA DUARTE GARCIA re-alleges paragraphs 1 through 72 as if set forth fully herein.

518.   Plaintiff CLAUDIA DUARTE GARCIA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

519.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff CLAUDIA DUARTE GARCIA.

520.   Plaintiff CLAUDIA DUARTE GARCIA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff CLAUDIA DUARTE GARCIA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff CLAUDIA DUARTE GARCIA the reasonable value of those services.   Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff CLAUDIA DUARTE GARCIA and the other Plaintiffs in this case.

521.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff CLAUDIA DUARTE GARCIA the reasonable value for her services performed for their benefit.

522.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff CLAUDIA DUARTE GARCIA has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff CLAUDIA DUARTE GARCIA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXVI – UNJUST ENRICHMENT
## (SCOTT GOLDMAN)

523.    Plaintiff SCOTT GOLDMAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

524.    Plaintiff SCOTT GOLDMAN conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

525.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff SCOTT GOLDMAN.

526.    Plaintiff SCOTT GOLDMAN was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff SCOTT GOLDMAN's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff SCOTT GOLDMAN the reasonable value of

those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff SCOTT GOLDMAN and the other Plaintiffs in this case.

527.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff SCOTT GOLDMAN the reasonable value for her services performed for their benefit.

528.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff SCOTT GOLDMAN has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff SCOTT GOLDMAN demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXVII – UNJUST ENRICHMENT
## (RICHARD JOHNSON, II)

529.   Plaintiff RICHARD JOHNSON, II re-alleges paragraphs 1 through 72 as if set forth fully herein.

530.   Plaintiff RICHARD JOHNSON, II conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

531.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff RICHARD JOHNSON, II.

532.   Plaintiff RICHARD JOHNSON, II was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff RICHARD JOHNSON, II's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff RICHARD JOHNSON, II the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff RICHARD JOHNSON, II and the other Plaintiffs in this case.

533.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff RICHARD JOHNSON, II the reasonable value for his services performed for their benefit.

534.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff RICHARD JOHNSON, II has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff RICHARD JOHNSON, II demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LXXVIII – UNJUST ENRICHMENT
### (LORENA M. JUNICIEL)

535.   Plaintiff LORENA M. JUNCIEL re-alleges paragraphs 1 through 72 as if set forth fully herein.

536.   Plaintiff LORENA M. JUNCIEL conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

537.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff LORENA M. JUNCIEL.

538.    Plaintiff LORENA M. JUNCIEL was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff LORENA M. JUNCIEL's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff LORENA M. JUNCIEL the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff LORENA M. JUNCIEL and the other Plaintiffs in this case.

539.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff LORENA M. JUNCIEL the reasonable value for his services performed for their benefit.

540.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff LORENA M. JUNCIEL has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff LORENA M. JUNCIEL demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXIX – UNJUST ENRICHMENT
### (ERIC KAHLAN)

541.    Plaintiff ERIC KAHLAN re-alleges paragraphs 1 through 72 as if set forth fully herein.

94

542.   Plaintiff ERIC KAHLAN conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

543.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ERIC KAHLAN.

544.   Plaintiff ERIC KAHLAN was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ERIC KAHLAN's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ERIC KAHLAN the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ERIC KAHLAN and the other Plaintiffs in this case.

545.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ERIC KAHLAN the reasonable value for his services performed for their benefit.

546.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ERIC KAHLAN has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff ERIC KAHLAN demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

95

## COUNT LXXX – UNJUST ENRICHMENT
## (THERESA KNIGHT)

547.    Plaintiff THERESA KNIGHT re-alleges paragraphs 1 through 72 as if set forth fully herein.

548.    Plaintiff THERESA KNIGHT conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

549.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff THERESA KNIGHT.

550.    Plaintiff THERESA KNIGHT was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff THERESA KNIGHT's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff THERESA KNIGHT the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff THERESA KNIGHT and the other Plaintiffs in this case.

551.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff THERESA KNIGHT the reasonable value for his services performed for their benefit.

552.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff THERESA KNIGHT has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff THERESA KNIGHT demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXI – UNJUST ENRICHMENT
## (DERRICK LEE)

553.    Plaintiff DERRICK LEE re-alleges paragraphs 1 through 72 as if set forth fully herein.

554.    Plaintiff DERRICK LEE conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

555.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff DERRICK LEE.

556.    Plaintiff DERRICK LEE was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff DERRICK LEE's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff DERRICK LEE the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff DERRICK LEE and the other Plaintiffs in this case.

557.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff DERRICK LEE the reasonable value for his services performed for their benefit.

97

558.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff DERRICK LEE has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff DERRICK LEE demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXII – UNJUST ENRICHMENT
## (JANI LINDSAY)

559.   Plaintiff JANI LINDSAY re-alleges paragraphs 1 through 72 as if set forth fully herein.

560.   Plaintiff JANI LINDSAY conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

561.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JANI LINDSAY.

562.   Plaintiff JANI LINDSAY was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JANI LINDSAY's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JANI LINDSAY the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JANI LINDSAY and the other Plaintiffs in this case.

563.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JANI LINDSAY the reasonable value for his services performed for their benefit.

564.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JANI LINDSAY has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff JANI LINDSAY demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LXXXIII – UNJUST ENRICHMENT
### (MARIA MAIQUEZ)

565.   Plaintiff MARIA MAIQUEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

559.   Plaintiff MARIA MAIQUEZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

560.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff MARIA MAIQUEZ.

561.   Plaintiff MARIA MAIQUEZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MARIA MAIQUEZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff MARIA MAIQUEZ the reasonable value of

those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff MARIA MAIQUEZ and the other Plaintiffs in this case.

562.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff MARIA MAIQUEZ the reasonable value for his services performed for their benefit.

563.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff MARIA MAIQUEZ has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff MARIA MAIQUEZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXIV – UNJUST ENRICHMENT
## (HERNEY MANCERA)

564.    Plaintiff HERNEY MANCERA re-alleges paragraphs 1 through 72 as if set forth fully herein.

565.    Plaintiff HERNEY MANCERA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

566.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff HERNEY MANCERA.

567.    Plaintiff HERNEY MANCERA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

100

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff HERNEY MANCERA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff HERNEY MANCERA the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff HERNEY MANCERA and the other Plaintiffs in this case.

568.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff HERNEY MANCERA the reasonable value for his services performed for their benefit.

569.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff HERNEY MANCERA has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff HERNEY MANCERA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXV – UNJUST ENRICHMENT
### (MARTHA L. ORTIZ)

570.   Plaintiff MARTHA L. ORTIZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

571.   Plaintiff MARTHA L. ORTIZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

101

572.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff MARTHA L. ORTIZ.

573.    Plaintiff MARTHA L. ORTIZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MARTHA L. ORTIZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff MARTHA L. ORTIZ the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff MARTHA L. ORTIZ and the other Plaintiffs in this case.

574.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff MARTHA L. ORTIZ the reasonable value for his services performed for their benefit.

575.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff MARTHA L. ORTIZ has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff MARTHA L. ORTIZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT LXXXVII – UNJUST ENRICHMENT
### (EDNA OSORNO)

576.    Plaintiff EDNA OSORNO re-alleges paragraphs 1 through 72 as if set forth fully herein.

102

577.  Plaintiff EDNA OSORNO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

578.  EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff EDNA OSORNO.

579.  Plaintiff EDNA OSORNO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff EDNA OSORNO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff EDNA OSORNO the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff EDNA OSORNO and the other Plaintiffs in this case.

580.  EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff EDNA OSORNO the reasonable value for her services performed for their benefit.

581.  As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff EDNA OSORNO has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff EDNA OSORNO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXVIII – UNJUST ENRICHMENT
## (REBECCA VIZCAINO PAVON)

582.    Plaintiff REBECCA VIZCAINO PAVON re-alleges paragraphs 1 through 72 as if set forth fully herein.

583.    Plaintiff REBECCA VIZCAINO PAVON conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

584.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff REBECCA VIZCAINO PAVON.

585.    Plaintiff REBECCA VIZCAINO PAVON was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff REBECCA VIZCAINO PAVON's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff REBECCA VIZCAINO PAVON the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff REBECCA VIZCAINO PAVON and the other Plaintiffs in this case.

586.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff REBECCA VIZCAINO PAVON the reasonable value for his services performed for their benefit.

587.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff REBECCA VIZCAINO PAVON has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

104

WHEREFORE, Plaintiff REBECCA VIZCAINO PAVON demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT LXXXIX – UNJUST ENRICHMENT
## (DAISY PRIETO)

588.    Plaintiff DAISY PRIETO re-alleges paragraphs 1 through 72 as if set forth fully herein.

589.    Plaintiff DAISY PRIETO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

590.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff DAISY PRIETO.

591.    Plaintiff DAISY PRIETO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MANUEL PRIETO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff DAISY PRIETO the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff DAISY PRIETO and the other Plaintiffs in this case.

592.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff DAISY PRIETO the reasonable value for her services performed for their benefit.

593.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff DAISY PRIETO has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff DAISY PRIETO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<div align="center">

**COUNT XC – UNJUST ENRICHMENT**
**(MANUEL PRIETO)**

</div>

594.    Plaintiff MANUEL PRIETO re-alleges paragraphs 1 through 72 as if set forth fully herein.

595.    Plaintiff MANUEL PRIETO conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

596.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff MANUEL PRIETO.

597.    Plaintiff MANUEL PRIETO was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MANUEL PRIETO's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff MANUEL PRIETO the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff MANUEL PRIETO and the other Plaintiffs in this case.

598.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff MANUEL PRIETO the reasonable value for his services performed for their benefit.

599.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff MANUEL PRIETO has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff MANUEL PRIETO demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCI – UNJUST ENRICHMENT
## (CHRISTY RAMIREZ)

600.   Plaintiff CHRISTY RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

601.   Plaintiff CHRISTY RAMIREZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

602.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff CHRISTY RAMIREZ.

603.   Plaintiff CHRISTY RAMIREZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff CHRISTY RAMIREZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff CHRISTY RAMIREZ the reasonable value of

107

those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff CHRISTY RAMIREZ and the other Plaintiffs in this case.

604.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff CHRISTY RAMIREZ the reasonable value for his services performed for their benefit.

605.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff CHRISTY RAMIREZ has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff CHRISTY RAMIREZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCII – UNJUST ENRICHMENT
## (LIA E.RAMIREZ)

606.   Plaintiff LIA E. RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

607.   Plaintiff LIA E. RAMIREZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

608.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff LIA E. RAMIREZ.

609.   Plaintiff LIA E. RAMIREZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and

108

GOLDWASSER to receive and retain the valuable benefit of Plaintiff LIA E. RAMIREZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff LIA E. RAMIREZ the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff LIA E. RAMIREZ and the other Plaintiffs in this case.

610.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff LIA E. RAMIREZ the reasonable value for his services performed for their benefit.

611.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff LIA E. RAMIREZ has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff LIA E. RAMIREZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCIII – UNJUST ENRICHMENT
### (JORGE RAMIREZ)

612.    Plaintiff JORGE RAMIREZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

613.    Plaintiff JORGE RAMIREZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

614.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JORGE RAMIREZ.

615.   Plaintiff JORGE RAMIREZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JORGE RAMIREZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JORGE RAMIREZ the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JORGE RAMIREZ and the other Plaintiffs in this case.

616.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JORGE RAMIREZ the reasonable value for his services performed for their benefit.

616.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JORGE RAMIREZ has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff JORGE RAMIREZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

110

## COUNT XCIV – UNJUST ENRICHMENT
### (JEFFREY ROCA)

617.    Plaintiff JEFFREY ROCA re-alleges paragraphs 1 through 72 as if set forth fully herein.

618.    Plaintiff JEFFREY ROCA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

619.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff JEFFREY ROCA.

620.    Plaintiff JEFFREY ROCA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff JEFFREY ROCA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff JEFFREY ROCA the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff JEFFREY ROCA and the other Plaintiffs in this case.

621.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff JEFFREY ROCA the reasonable value for his services performed for their benefit.

622.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff JEFFREY ROCA has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

111

WHEREFORE, Plaintiff JEFFREY ROCA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCV – UNJUST ENRICHMENT
## (EDGAR A. RUIZ)

623.    Plaintiff EDGAR A. RUIZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

624.    Plaintiff EDGAR A. RUIZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

625.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff EDGAR A. RUIZ.

626.    Plaintiff EDGAR A. RUIZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff EDGAR A. RUIZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff EDGAR A. RUIZ the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff EDGAR A. RUIZ and the other Plaintiffs in this case.

627.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff EDGAR A. RUIZ the reasonable value for his services performed for their benefit.

112

628.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff EDGAR A. RUIZ has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff EDGAR A. RUIZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCVI – UNJUST ENRICHMENT (EDUARDO SABAS)

629.    Plaintiff EDUARDO SABAS re-alleges paragraphs 1 through 72 as if set forth fully herein.

630.    Plaintiff EDUARDO SABAS conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

631.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff EDUARDO SABAS.

632.    Plaintiff EDUARDO SABAS was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff EDUARDO SABAS' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff EDUARDO SABAS the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff EDUARDO SABAS and the other Plaintiffs in this case.

113

633.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff EDUARDO SABAS the reasonable value for his services performed for their benefit.

634.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff EDUARDO SABAS has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff EDUARDO SABAS demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT XCVII – UNJUST ENRICHMENT
### (ALBA SALDARRIAGA)

635.   Plaintiff ALBA SALDARRIAGA re-alleges paragraphs 1 through 72 as if set forth fully herein.

636.   Plaintiff ALBA SALDARRIAGA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

637.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ALBA SALDARRIAGA.

638.   Plaintiff ALBA SALDARRIAGA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ALBA SALDARRIAGA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ALBA SALDARRIAGA the reasonable

114

value of those services.   Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ALBA SALDARRIAGA and the other Plaintiffs in this case.

639.   EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ALBA SALDARRIAGA the reasonable value for her services performed for their benefit.

640.   As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ALBA SALDARRIAGA has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ALBA SALDARRIAGA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

### COUNT XCVIII – UNJUST ENRICHMENT
### (ELIZABETH SAN MARTIN)

641.   Plaintiff ELIZABETH SAN MARTIN re-alleges paragraphs 1 through 72 as if set forth fully herein.

642.   Plaintiff ELIZABETH SAN MARTIN conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

643.   EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff ELIZABETH SAN MARTIN.

644.   Plaintiff ELIZABETH SAN MARTIN was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN

TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff ELIZABETH SAN MARTIN's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff ELIZABETH SAN MARTIN the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff ELIZABETH SAN MARTIN and the other Plaintiffs in this case.

645.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff ELIZABETH SAN MARTIN the reasonable value for his services performed for their benefit.

646.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff ELIZABETH SAN MARTIN has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff ELIZABETH SAN MARTIN demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT XCIX – UNJUST ENRICHMENT
### (HELEN SIERRA)

647.    Plaintiff HELEN SIERRA re-alleges paragraphs 1 through 72 as if set forth fully herein.

648.    Plaintiff HELEN SIERRA conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

116

649.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff HELEN SIERRA.

650.    Plaintiff HELEN SIERRA was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff HELEN SIERRA's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff HELEN SIERRA the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff HELEN SIERRA and the other Plaintiffs in this case.

651.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff HELEN SIERRA the reasonable value for his services performed for their benefit.

652.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff HELEN SIERRA has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff HELEN SIERRA demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT C – UNJUST ENRICHMENT
### (DEDRIC STAFFORD)

653.    Plaintiff DEDRIC STAFFORD re-alleges paragraphs 1 through 72 as if set forth fully herein.

117

654.    Plaintiff DEDRIC STAFFORD conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

655.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff DEDRIC STAFFORD.

656.    Plaintiff DEDRIC STAFFORD was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff DEDRIC STAFFORD's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff DEDRIC STAFFORD the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff DEDRIC STAFFORD and the other Plaintiffs in this case.

657.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff DEDRIC STAFFORD the reasonable value for his services performed for their benefit.

658.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff DEDRIC STAFFORD has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff DEDRIC STAFFORD demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT CI – UNJUST ENRICHMENT
### (WALTER TORRES)

659.     Plaintiff WALTER TORRES re-alleges paragraphs 1 through 72 as if set forth fully herein.

660.     Plaintiff WALTER TORRES conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

661.     EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff WALTER TORRES.

662.     Plaintiff WALTER TORRES was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff WALTER TORRES' services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff WALTER TORRES the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff WALTER TORRES and the other Plaintiffs in this case.

663.     EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff WALTER TORRES the reasonable value for his services performed for their benefit.

664.     As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff WALTER TORRES has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

119

WHEREFORE, Plaintiff WALTER TORRES demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

<div align="center">

**COUNT CII – UNJUST ENRICHMENT**
**(MANUEL VASQUEZ)**

</div>

665.    Plaintiff MANUEL VASQUEZ re-alleges paragraphs 1 through 72 as if set forth fully herein.

666.    Plaintiff MANUEL VASQUEZ conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

667.    EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff MANUEL VASQUEZ.

668.    Plaintiff MANUEL VASQUEZ was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff MANUEL VASQUEZ's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff MANUEL VASQUEZ the reasonable value of those services.  Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff MANUEL VASQUEZ and the other Plaintiffs in this case.

669.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff MANUEL VASQUEZ the reasonable value for his services performed for their benefit.

<div align="center">

120

</div>

670. As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff MANUEL VASQUEZ has suffered damages in the amount of the reasonable value of his services rendered and benefit conferred.

WHEREFORE, Plaintiff MANUEL VASQUEZ demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## COUNT CIII – UNJUST ENRICHMENT
### (KATIE WATSON)

671. Plaintiff KATIE WATSON re-alleges paragraphs 1 through 72 as if set forth fully herein.

672. Plaintiff KATIE WATSON conferred a valuable benefit on EDEN TOURS and GOLDWASSER by performing services for them and the patrons of the Eden Tours Passach event at the Trump Doral Plaza Hotel.

673. EDEN TOURS and GOLDWASSER accepted and retained the valuable benefit conferred by Plaintiff KATIE WATSON.

674. Plaintiff KATIE WATSON was not paid by EDEN TOURS and GOLDWASSER for the valuable benefit conferred, and it would be inequitable for EDEN TOURS and GOLDWASSER to receive and retain the valuable benefit of Plaintiff KATIE WATSON's services performed at and for the benefits of the Eden Tours Passach event at the Trump Doral Plaza Hotel without paying Plaintiff KATIE WATSON the reasonable value of those services. Indeed, EDEN TOURS and GOLDWASSER realized substantial income and profits from the Eden Tours Passach event, including monies that were to be used to pay Plaintiff KATIE WATSON and the other Plaintiffs in this case.

675.    EDEN TOURS and GOLDWASSER have thus been unjustly enriched by not paying Plaintiff KATIE WATSON the reasonable value for his services performed for their benefit.

676.    As a direct and proximate cause of EDEN TOURS and GOLDWASSER's unjust enrichment, Plaintiff KATIE WATSON has suffered damages in the amount of the reasonable value of her services rendered and benefit conferred.

WHEREFORE, Plaintiff KATIE WATSON demands judgment against Defendants EDEN TOURS and GOLDWASSER for the reasonable value of the services rendered and benefit conferred, plus pre- and post judgment interest, costs, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: January___, 2015.

RODERICK V. HANNAH, ESQ., P.A.
Attorneys for Plaintiffs
1250 South Pine Island Road
Suite 375
Plantation, FL 33324
Telephone: (954) 362-3800
Facsimile: (954) 362-3779
Email: rhannah@rhannahlaw.com


By___ /s/ Roderick V. Hannah_____
       Roderick V. Hannah
       Fla. Bar No. 435384

       -and-

ARONFELD TRIAL LAWYERS
Co-counsel for Plaintiffs
3132 Ponce De Leon Boulevard
Coral Gables, FL 33134
Telephone: (305)441-0440
Facsimile: (305) 441-0198
Email: aronfeld@arnfeld.com


By___ s/ Spencer Aronfeld_____
       Spencer Aronfeld
       Fla. Bar No.

123

# EXHIBIT "A"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16 day of July , 2014.

*Hayat Aarrass*
Signature

Hayat Aarrass
Name

1040 Aurelia Ave, PSL, FL 34953
Address

772 579 5657
Daytime Telephone No.

same as above
Evening Telephone No.

# EXHIBIT "B"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ____ day of ____ 2014.

_____
Signature

Nily Jr. Agudelo
Name

15405 SW 80 st
Address

(786)953 37 83
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "C"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I hold the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ____ day of _____ 2014.

Signature

Name    Naomy Alphonse

Address    P.O. Box 246391, Pembroke Pines FL, 33024

Daytime Telephone No.    305-896-0824

Evening Telephone No.    305-896-0824

# EXHIBIT "D"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs; was paid in the same manner as the other named plaintiffs; worked over 40 hours in one or more work weeks as did the other named plaintiffs; was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs; and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 00 day of ___28___, 2014

Signature

Name: Sandy Aparicio

Address: 11551 SW 180 terr. Miami Fl 33177

Email address: apariciosandy389@gmail.com

Phone No: 305-562-218)

Alt. No.: _____

# EXHIBIT "E"

<u>**DECLARATION AND CONSENT TO JOIN LITIGATION**</u>

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 2 day of _December_, 2014.

Signature

Name: Julian Arbelaez

Address: 1143 NW 124th Ave Pembroke Pines, FL 37026

Email address: Jarbelaez14@gmail.com

Phone No.: 954 6250817

Alt. No.: _____

# EXHIBIT "F"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _Nov_ day of _14 dll_, 2014.

Signature

Name: _TULIO BALLON_

Address: _8341 NW 7st. Apart. 5-B   Miami - FL - 33126_

Email address: _Tulio_ballon @ hotmail.com_

Phone No.: _786 286 66 71_

Alt. No.: _____

# EXHIBIT "G"

14-07-22 11:20       BALBOA INTERNATIONAL     3057150311>>                                    P 1/6

FAX
954-362 3777

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C.
§216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on
personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job
position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs,
worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid
an overtime premium in accordance with the Fair Labor Standards Act as the other named
plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor
Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this
litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _21_ day of _July_, 2014.

_____
Signature

_JESSICA BRINGAS_
Name

_9197 FOINE TAMBleau Bld #3 MiAMi Fl. 33172_
Address

_305-226-0788_
Daytime Telephone No.

_786-325-4135_
Evening Telephone No.

# EXHIBIT "H"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 18 day of July, 2014.

_____
Signature

Yolanda Burgos de Barros
Name

14388 Sw 81ard  Miami, FL 33186
Address

305 816 7873
Daytime Telephone No.

Same
Evening Telephone No.

# EXHIBIT "I"

<u>**DECLARATION AND CONSENT TO JOIN LITIGATION**</u>

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this day 7th of July, 2014.



------------------------------------------------
Signature

Name: CARLOS CAMPOS

Address: P.O. Box 13795 Miami, FL 33101

Phone No.: (305) 569-7439

# EXHIBIT "J"

7/21/2014                                                                CAM00131.jpg



# EXHIBIT "K"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16th day of July, 2014.

Signature

Name ROCIO CASTRO

Address 20381 NE 30 AVENUE BLD 7 AP 320 AVENTURA, FL 33180

Daytime Telephone No. 786-399-9961

Evening Telephone No. 786-399-9961

# EXHIBIT "L"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages on a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___ day of _____, 2014.

Signature

Name: Leonardo Polonio

Address: 6712 Indian Blvd Miami FL 33144

Daytime Telephone No: 305 605-5442

Evening Telephone No: 305 605-5442

# EXHIBIT "M"



# EXHIBIT "N"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____22___ day of _July_____, 2014.

_____
Signature

Erica JeanBaptiste
_____
Name 1200 NE MIAMI GARDENS DR APT 812W
    NORTH MIAMI BEACH FL 33179
_____
Address

786-970-3086
_____
Daytime Telephone No.

786-970-3086
_____
Evening Telephone No.

Filing # 22267962 E-Filed 01/07/2015 01:35:07 PM

# EXHIBIT "O"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1.  I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2.  I wish to become a party plaintiff in the action.

3.  I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4.  I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22 day of July, 2014.

Signature

Name Rosa L. de la Cotera

Address 7402 SW 162nd Path, Miami, FL 33193

Daytime Telephone No. 305 305 8287

Evening Telephone No. 305 305 8287

# EXHIBIT "P"

(513 unread) - ramossandra0505 - Yahoo Mail                    Page 1 of 1

Home  Mail  News  Sports  Finance  Weather  Games  Groups  Answers  Screen  Flickr  Mobile | More
Declaration and Consent to Join Litigation.pdf...   ....... ...... ..  1 .of 1.....                Search Mail   Search Web        Home   [Yahoo!] sandra

📧 📫 :

✏ Compose

Inbox (513)
Drafts (7)
Sent
Spam (137)
Trash
▸ Folders
▸ Recent

To Sponsored

Get It Free
I Can't Believe
Get Free Item

Att:
Carmen.

### DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 2
§216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent
personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the
position as the other named plaintiffs, was paid in the same manner as the other named
worked over 40 hours in one or more work weeks as did the other named plaintiffs, was
an overtime premium in accordance with the Fair Labor Standards Act as the other
plaintiffs, and was not paid my wages or a minimum wage in accordance with the F
Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent m
litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this July day of _30_ , 2014.

_Sandra Duarte_
Signature

_Sandra Duarte._
Name

PO Box 961071 Miami, FL 33296.
Address

305-200 44 35.
Daytime Telephone No.

305-200 4435
Evening Telephone No.

# EXHIBIT "Q"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge;

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I hold the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 21 day of August 2014.

_____
Signature

Emily Elliott
Name

426 E 184th St. Bx, Ny 10458
Address

(212) 482-1600 x 4
Daytime Telephone No.

646 725 8725
Evening Telephone No.

# EXHIBIT "R"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 17 day of July, 2014.

Jennifer B. Ennis
Signature

Jennifer Ennis
Name

1309 Garfield St Hollywood FL 33019
Address

954-8157055
Daytime Telephone No.

Some
Evening Telephone No.

# EXHIBIT "S"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _27_ day of _August_, 2014.


_Jairo (Richard) Espana_
Signature

Name: _Richard Espana_

Address: _14307 SW 96 St #201 Miami, Fl. 33186_

Phone No.: _909-587-9359_

Alt. No.: _____

# EXHIBIT "T"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _07_ day of _AUGUST_, 2014.

_Marie Flexantus_
Signature

_MARIE FRANTZ EXANTUS_
Name

_665 NE 83rd TERRACE #306_
Address _MIAMI, FLORIDA 33138-3695_

_786-923-6584_
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "U"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 23 day of September, 2014.


Signature

Name: Erika Fontriciella

Address: 156 Sparrow Drive, Apt. B Royal Palm Beach, FL 33411

Email address: erikafontriciella@yahoo.co—

Phone No.: 561-762-9273

Alt. No.: 561-301-8773

# EXHIBIT "V"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___21___ day of ___July___, 2014.

___Jorge Garay___
Signature

___JORGE GARAY___
Name

___202. SW 12 AVE #5 MIAMI. FL 33130___
Address

___786-597-74-22___
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "W"

http://mail.google.com/mail/u/0/?tab=wm#inbox/147feae35e35ce125?projector=1

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this  18  day of  July , 2014.

_____
Signature

Claudia Smarte Garcia
Name

20381 NE 30th AV. Bldg # 320
Aventura Florida
33180
Address

305 - 7668003
Daytime Telephone No.

305 - 7668003
Evening Telephone No.

# EXHIBIT "X"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 5th day of August, 2014.

Signature

Name  Scott Goldman

Address  12118 W. dorado place, Littleton, CO, 80127

Daytime Telephone No.  786-512-0807

Evening Telephone No.  786-512-0807

# EXHIBIT "Y"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _1st_ day of _July_ , 2014.

_Richard Johnson II_
Signature

_Richard Johnson II_
Name

_1267 NW 52nd Street_
Address

_786 502 8967_
Daytime Telephone No.

_786 355 4857_
Evening Telephone No.

MR. HANNAH,
I am owed #3000.00
for the ten day event!

# EXHIBIT "Z"

7/29/2014                                     Scan0001.jpg

# DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 31 day of July, 2014.

Signature _____

Name: Edwin M Jimenez

Address: 1690 SW 27 Ave #407 Miami Florida 33145

Daytime Telephone No. (305) 510-4838

Evening Telephone No. (305) 510-4938

# EXHIBIT "AA"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of Oct , 2014.

Signature

Name Eric Kahlon

Address: 13230 SW 58 ter

Email address: Kahloneric@gmail.com

Phone No.: 305 380 7947

Alt. No.: _____

# EXHIBIT "BB"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1.  I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2.  I wish to become a party plaintiff in the action.

3.  I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4.  I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 23rd day of July , 2014.

_Theresa Knight_
Signature

_Theresa Knight_
Name

_500 N.W. 30st apt #101 Miami Fl. 33127_
Address

_(305) 742-8002_
Daytime Telephone No.

_(305) 742-8002_
Evening Telephone No.

# EXHIBIT "CC"



## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 2 day of Sept. , 2014.

Signature

Name: Derrick Lee

Address: 2120 Arcadia Drive Miramar, FL 33023

Phone No.: (786) 203-5313

Alt. No.: _____

# EXHIBIT "DD"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1.  I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2.  I wish to become a party plaintiff in the action.

3.  I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4.  I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 07 day of 21, 2014.

_____
Signature

Jani LINDSAY
Name

PO BOX 331805
Address

MIAMI FL 33233
Daytime Telephone No.

786 4453891
Evening Telephone No.

# EXHIBIT "EE"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _20_ day of _April_, 2014.

_Diana Mayor_
Signature

_Diana Mayor_
Name

_9137 SW 107th_
_Miami FL 33038_
Address

_786-337-3277_
Daytime Telephone No.

_786-601-9373_
Evening Telephone No.

# EXHIBIT "FF"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _8th_ day of ___August___, 2014.


_Herney Mancera_
Signature

Name: __Herney Mancera__

Address: _14721 polk st_

Phone No.: _(786)260-2577_

Alt. No.: ____(786)319-7942_

# EXHIBIT "GG"

7/22/2014                                            LIZ-4.jpg

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this *15* day of *July*, 2014.

*Martha Ortiz*
Signature

MARTIN L Ortiz
Name

1705 Ive 23 AV
Address

786 - 3700103
Daytime Telephone No.

786 - 3700103
Evening Telephone No.

# EXHIBIT "HH"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16 day of July, 2014.

_Edna Osorio_
Signature

EDNA OSORNO
Name

17515 NW 48TH CT
Address

MIAMI, FL 33055
Daytime Telephone No.

(305) 409-9257
Evening Telephone No.

(305) 621-2120

# EXHIBIT "II"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___21___ day of ___july___, 2014.

_____
Signature

_Rebecca Pavon_
Name

_9762 NW 48TH TERRA Doral Fl 33178_
Address

_786-448-5464_
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "JJ"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____, 2014.

_____
Signature

Daisy Prieto.
Name

725 NE 29 St. Miami FL. 33137
Address

786) 362-2100
Daytime Telephone No.

786) 362-2100
Evening Telephone No.

# EXHIBIT "KK"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____, 2014.

_____
Signature

_____
Name

_____
Address

_____
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "LL"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 01 day of 19 , 2014.

Signature

Name _Arthur Ramirez_

Address _4211 SW 131 ct Apt 101_

Daytime Telephone No. _786 510 4834_

Evening Telephone No. _786 518 4824_

# EXHIBIT "MM"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____ 2014.

_____
Signature

Lia E. Ramirez
Name

621 SW 131 Ct # 101 Miami 33184
Address

(786) 413-9984
Daytime Telephone No.

(786) 413-9984
Evening Telephone No.

# EXHIBIT "NN"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this  28th  day of  October  , 2014.


Signature _Jorge Ramirez_

Name:  Jorge Ramirez

Address:  3520 NW 171 Ter

Email address:  jramirez325@gmail.com

Phone No.:  3052994659

Alt. No.:  3054097487

# EXHIBIT "OO"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of October, 2014.

Signature: _____

Name: Jeffrey Roca

Address: 20379 West Country Club Dr # 1039 Aventura FL 33180

Email address: Jeffrey.roca91@gmail.com

Phone No.: 305-967-0320

Alt. No.: _____

# EXHIBIT "PP"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __16th__ day of __July__, 2014.

_Edgar A. Ruiz IV_
Signature

__Edgar A. Ruiz IV__
Name

__1289 Marseille Dr. Apt.143__
Address

__786-253-3713__
Daytime Telephone No.

__786-253-3713__
Evening Telephone No.

# EXHIBIT "QQ"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22ND day of July 2014.

Signature

Name

Address

Daytime Telephone No.

Evening Telephone No.

# EXHIBIT "RR"

7/25/2014                                    ALBA SALDARRIAGA 001.jpg

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____, 2014.

_____
Signature

_____
Name

_____
Address

_____
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "SS"

**DECLARATION AND CONSENT TO JOIN LITIGATION**

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 17 day of JULY, 2014.

[signature]
Signature

ELIZABETH SAN MARTIN
Name

780 81 ST #7 MIAMI BEACH, FL, 33141
Address

786 2318838
Daytime Telephone No.

Evening Telephone No.

# EXHIBIT "TT"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22 day of July, 2014.

Helen Sierra
Signature

Helen Sierra
Name

1430 NW 28 St Miami FL 33142
Address

(786) 587-6743
Daytime Telephone No.

(786) 587-6743
Evening Telephone No.

# EXHIBIT "UU"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 28 day of July, 2014.

_Dedric Stafford_
Signature

Dedric Stafford
Name

1910 NW 49th St, Miami, FL 33137
Address

(305) 742-8002
Daytime Telephone No.

(305) 742-8002
Evening Telephone No.

# EXHIBIT "VV"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __17__ day of __JULY__, 2014.

_____
Signature

WALTER TORRES
Name

7600 DICKENS AVE #8 MIAMI BEACH FL 33141
Address

786-351-8405
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "WW"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __17__ day of __July__, 2014.

_Manuel Vasquez_
Signature

Manuel Vasquez
Name

80 S. Shore Dr   Apt # 407  Miami Beach   FL   33141
Address

786-608-2340
Daytime Telephone No.

786-608-2340
Evening Telephone No.

# EXHIBIT "XX"

7/23/2014                                          CAM01726.jpg



# EXHIBIT "YY"

# RETAINED CLIENTS

| NAME | ADDRESS | PHONE NUMBER | CONSENT FORM RECEIVED | DATE | RETAINER RECEIVED | DATE | POSITION HELD | TOTAL HOURS WORKED | HOURLY WAGE PROMISED | TOTAL AMOUNT OF MONEY OWED |
|---|---|---|---|---|---|---|---|---|---|---|
| Aarras, Hayat | 1040 Aurelia Ave., Pt. St. Lucie, FL 34953 | (772) 579-5657 | YES | 7/16/2014 | YES | 8/22/2014 | Server | 100 | $15.00 | $1,500.00 |
| Agudelo, Nilyeliz | 15540 SW 80th St., Miami, FL 33193 | (786) 953-3783 | YES | 7/17/2014 | YES | 7/31/2014 | Waitress | 120 | $10.00 | $1,200.00 |
| Alphonse, Naomy | P.O. Box 246991, Pembroke Pines, FL 33024 | 305-896-0824 | YES | 10/27/2014 | YES | 11/18/2014 | Server | 75.5 | | $1,500.00 |
| Aparicio, Sandy | 14531 SW 180th Terr., Miami, FL 33177 | (305) 562-2787 | YES | 10/28/2014 | YES | 10/28/2014 | Waitress | 113.5 | $10.00 | $1,135.00 |
| Arbelaez, Julian | 1143 NW 124th Ave., Pembroke Pines, FL 33026 | (954) 625-0817 | YES | 12/3/2014 | YES | 12/3/2014 | Server | 100 | | $2,500.00 |
| Ballon, Tulio | 8341 NW 7th St., Apt. S-8, Miami, FL 33126 | (786) 286-6671 | YES | 11/14/2014 | YES | 7/30/2014 | Server | 70 | $12.00 | $840.00 |
| Burgos de Barrios, Yolanda | 14383 S.W. 96 Lane, Miami, FL 33186 | (305) 316-9893 | YES | 7/18/2014 | YES | 8/20/2014 | Server | 136 | $10.00 | $1,360.00 |
| Bringas, Jessica | 9197 Fontainbleau Blvd #3 Miami, FL 33172 | (305) 226-0788 day (786) 325-4135 Eve | YES | 7/21/2014 | YES | 10/6/2014 | Server | 160 | $12.00 | $1,920.00 |
| Campos, Carlos | P.O. Box 13795, Miami, FL 33101 | (305) 569-7439 | YES | 7/7/2014 | YES | 7/30/2014 | Server | 75 | $12.00 | $900.00 |
| Carrion, Patricia | 2859 Bird Avenue #4 Coconut Grove, FL 33133 | (786) 312-2404 day (305) 322-0313 eve | YES | 7/19/2014 | YES | 11/20/2014 | Chef | 80 | $15.00 | $1,200.00 |
| Celorrio, Leonardo | 642 Tamiami Blvd., Miami, FL 33144 | (305) 505-5941 | YES | 7/19/2014 | YES | 8/19/2014 | Server | 214 | | $3,360.00 |
| Chapman, Derrick | 1244 NW 52nd Street, Miami, FL 33142 | (973) 392-2216 | YES | 7/17/2014 | YES | 8/23/2014 | Chef | 165 | $10.00 | $1,650.00 |
| Davis-JeanBaptiste, Erica | Apt. 812W, N. Miami Beach, FL 33179 | (786) 970-3086 | YES | 7/22/2014 | YES | 10/6/2014 | Waitress | 85 | $3,000.00 | $3,000.00 |

| Name | Address | Phone | | | | Position | | | |
|---|---|---|---|---|---|---|---|---|---|
| DeBarrios, Yolanda Burgos | 14383 SW 96th Lane, Miami, FL 33186 | (305) 316-9893 | YES | 7/18/2014 | 8/20/2014 | Server | | | $1,500.00 |
| De La Cotera, Rosa | 7402 SW 162nd Path, P.O. Box 961091, Miami, FL 33196 | (305) 305-8287 | YES | 7/22/2014 | 8/1/2014 | Server | 232 | $10.00 | $2,320.00 |
| Duarte, Sandra | 426 E. 134th St., Bronx, NY 10454 | (305) 200-4435 | YES | 7/30/2014 | 12/5/2014 | Cook | 150 | $10.00 | $1,500.00 |
| Elliott, Emily | 1309 Garfield St. Hollywood, FL 33019 | (212) 482-1500, ext. 4 | YES | 8/21/2014 | 8/22/2014 | Waitress/VIP | 160 | | $1,800.00 |
| Ermis, Jennifer | 14307 SW 96th St., #201, Miami, FL 33186 | | YES | 7/17/2014 | 11/17/2014 | Waitress | 134 | $10.00 | $1,340.00 |
| Espana, Jairo Richard | 665 NE 83rd Terr., #306, Miami, FL 33138 | (909) 587-9359 | YES | 8/27/2014 | 9/17/2014 | Server | 170 | | $1,200.00 |
| Exantus, Marie F. | 156 Sparrow Dr., #8, Royal Palm Beach, FL 33411 | (786) 923-6584 | YES | 8/7/2014 | 10/28/2014 | Server | 100 | | $3,000.00 |
| Fonticiello, Erika | 202 S.W. 12 Avenue #5, Miami, FL 33130 | (561) 301-8773 (561) 762-9273 | YES | 9/23/2014 | 9/23/2014 | Server | 208 | $2,500.00 | $2,500.00 |
| Garay, Jorge | 20381 N.E. 30th Ave, Bldg7 #320, Aventura, FL 33180 | (786) 597-7422 | YES | 7/21/2014 | 10/17/2014 | Server | 154 | $15.00 | $2,310.00 |
| Garcia, Claudia Duarte | 12118 W. Dorado Pl., #102, Littleton, CO 80127 | (786) 766-8003 | YES | 7/18/2014 | 8/29/2014 | Server | 80 | | $1,300.00 |
| Goldman, Scott | 1267 NW 52nd Street | (786) 512-0807 | YES | 8/9/2014 | 9/4/2014 | Service | 175 | | $1,600.00 |
| Johnson II, Richard | 1690 S.W. 27 Avenue #407 Miami, FL 33145 | (786) 502-8567 | YES | 7/1/2014 | 10/24/2014 | Captain | 250 | | $5,500.00 |
| Junciel, Lorena M. | 13230 SW 58th Terr., Miami, FL 33183 | (305) 510-4938 | YES | 7/21/2014 | 8/18/2014 | Server | 100 | $10.00 | $1,000.00 |
| Kahlan, Eric | 500 NW 36th St., Miami, FL 33127 | (305) 380-7947 | YES | 10/27/2014 | 10/27/2014 | Server | 176 | | $1,500.00 |
| Knight, Theresa | 2120 Arcadia Dr., Miramar, FL 33023 | (305) 742-8002 | YES | 7/23/2014 | 9/10/2014 | Server | 180 | $15.00 | $2,700.00 |
| Lee, Derrick | P.O. Box 331805 Miami, FL 33233 | (786) 203-5313 | YES | 9/3/2014 | 10/2/2014 | Server | 150 | $10.00 | $1,500.00 |
| Lindsay, Jani | 780 SW 7th Pl., Florida City, FL 33034 | (786) 445-3891 | YES | 7/21/2014 | 10/22/2014 | Server | 75 | $12.00 | $900.00 |
| Maiquez, Maria | | (786) 337-3279 | YES | 7/20/2014 | 10/22/2014 | Server | | | $1,541.37 |

| Name | Address | Phone | | Date | | Date | Position | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Mancera, Herney | 14721 Polk St., Miami, FL 33176 | (786) 260-2577; | YES | 8/8/2014 | YES | 8/27/2014 | Walter | 160 | | $1,400.00 |
| Ortiz, Martha L | 17051 N.E. 23 Avenue Miami, FL | (786) 320-0103 | YES | 7/15/2014 | YES | 10/15/2014 | Server | 220 | $10.00 | $2,200.00 |
| Osorno, Edna | 17515 NW 48th Court Miami, FL 33055 | (305) 409-9257 day (305) 621-2120 | YES | 7/16/2014 | YES | 8/11/2014 | Server | 134 | $10.00 | $1,340.00 |
| Pavon, Rebecca Vizcaino | 9762 N.W. 48th Terrace Doral, FL 333178 | (786) 448-5464 | YES | 7/24/2014 | YES | 10/16/2014 | Server | 143 | $15.00 | $2,145.00 |
| Prieto, Daisy P. | 725 N.E. 24 Street, Apt #18 Miami, FL 33137 | (786) 362-2100 eve | YES | 7/21/2014 | YES | 11/17/2014 | Action Chef | 175 | $15.00 | $2,625.00 |
| Prieto, Manuel | 725 N.E. 24 Street, Apt #18 Miami, FL 33137 | (786) 362-2100 day (786) 362-2100 eve | YES | 7/21/2014 | YES | 11/17/2014 | Action Chef | 175 | $15.00 | $2,625.00 |
| Ramirez, Cristhy | 6211 SW 131st Ct., #101, Miami, FL 33183 | (786) 518-4534 | YES | 7/17/2014 | YES | 7/30/2014 | Server | 154 | $10.00 | $1,540.00 |
| Ramirez, Lia E. | 6211 SW 131st Ct., #101, Miami, FL 33183 | (786) 447-4364 | YES | 7/17/2014 | YES | 7/30/2014 | Server | 154 | $10.00 | $1,540.00 |
| Ramirez, Jorge | 3520 NW 171st Terr., Miami, FL 33056 | (305) 299-4659 | YES | 10/28/2014 | YES | 10/28/2014 | Server | 151 | | $2,000.00 |
| Roca, Jeffrey | 20379 W. CountryClub Dr., Apt. 1039, Aventura, FL 33180 | (305) 967-0320 | YES | 10/27/2014 | YES | 10/27/2014 | Server | 150 | $12.00 | $1,800.00 |
| Ruiz, Edgar A. | 1289 Marseille Dr., Apt. 143, Miami Beach , FL 33141 | (786) 253-3713 | YES | 7/16/2014 | YES | 9/28/2014 | Server | 100 | $15.00 | $1,500.00 |
| Sabas, Eduardo | 8005 N.W. 8 Street, Apt 104, Miami, FL | (786) 354-3606 day | YES | 7/22/2014 | YES | 11/19/2014 | Server | 245 | $10.00 | $2,450.00 |
| Saldarriaga, Alba | 14376 S.W. 96 Lane 4F Miami, FL 33186 | (786) 877-0319 | YES | 7/22/2014 | YES | 9/30/2014 | Waitress | 93 | $10.00 | $930.00 |
| San Martin, Elizabeth | 780 81st St., #7, Miami Beach, FL 33141 | (786) 231-8838 | YES | 7/17/2014 | YES | 10/23/2014 | Waitress | 160 | $10.00 | $1,600.00 |
| Sierra, Helen | 1430 N.W. 28 Street Miami, FL 33142 | (786) 587-6743 day (786) 587-6743 eve | YES | 7/22/2014 | YES | 8/2/2014 | Waitress | 60 | $10.00 | $600.00 |
| Stafford, Dedric | 1910 NW 49th St., Miami, FL 3317 | (305) 742-8002 | YES | 7/23/2014 | YES | 9/10/2014 | Server | 180 | $15.00 | $2,700.00 |

| Name | Address | Phone | | | | | Position | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Torres, Walter | 7600 Dickens Ave., #8, Miami Beach, FL 33161 | (786) 351-8405 | YES | 7/17/2014 | YES | 11/20/2014 | Server | 160 | $10.00 | $1,600.00 |
| Vasquez, Manuel | 80 S. Shore Dr., Apt. 407, Miami Beach, FL 33141 | (786) 608-2340 | YES | 7/17/2014 | YES | 10/6/2014 | Walter | 220 | $15.00 | $3,300.00 |
| Watson, Katie | 4703 Pier Drive Greenacres, FL 33462 | (786) 346-2928 | YES | 7/22/2014 | YES | 9/26/2014 | Manager | | | $3,000.00 |