UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20258-CIV-ALTONAGA/O'Sullivan

**HAYAT AARRAS**, *et al.*,

    Plaintiffs,
v.

**TRUMP PLAZA DORAL**, *et al.*,

    Defendants.
_____/

## ORDER REQUIRING SUBMISSION OF SETTLEMENT AGREEMENT FOR COURT APPROVAL

The parties have advised that they have amicably settled this matter. This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, case in which the parties have stipulated to dismissal, following a settlement. The two circumstances in which FLSA claims may be compromised are claims that are: 1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354–55. In contrast, where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved and judicial approval is not required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

The parties are therefore instructed to submit by **May 4, 2016**, for the undersigned's review and approval, their proposed settlement, should the Plaintiffs not have been offered full compensation on the FLSA claim filed. Where a settlement must be approved by the Court, the

settlement becomes a part of the judicial record, and therefore, may not be deemed confidential even if the parties so consent. *See, e.g., Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002) (noting that even when a settlement is entered into the court's file under seal it becomes part of the judicial record). Accordingly, the parties are not to submit their settlement agreement under seal.

The Court further notes some Defendants are in default. (*See* Notice [ECF No. 181]). Therefore, Plaintiffs have until **April 11, 2016** within which to file a *motion for default final judgment* as to any defaulted Defendants in order for the parties' anticipated settlement to completely resolve this matter.

**DONE AND ORDERED** in Miami, Florida this 4th day of April, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record