UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20258-CIV-ALTONAGA/O¢SULLIVAN

HAYAT AARRAS; et al,

      Plaintiffs,

vs.

TRUMP MIAMI RESORT
MANAGEMENT LLC, a foreign limited
liability company; et al.,

      Defendants.

                            /

### PLAINTIFFS' RENEWED MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS STEPHEN SATZ, FRANK ADAN, ASAI, INC., EDEN TOURS, LLC, AND DAVID GOLDWASSER

Plaintiffs, through undersigned counsel, move this Court on a renewed basis for entry of a default final judgment against Defendants Stephen Satz (õSatzö), Frank Adan (õAdanö), ASAI, Inc. (õASAIö), Eden Tours, LLC (õEdenö), and David Goldwasser (õGoldwasserö) on the following grounds:

### Introduction and Supporting Facts

1.    Plaintiffs brought this action against all Defendants under the Fair Labor Standards Act, 28 U.S.C. §§206(a) and 207(a) (õFLSAö), seeking to recover unpaid minimum wages and overtime compensation.  Plaintiffs also asserted alternative breach of contract and unpaid wage claims under Florida state law against ASAI.

2.    A Clerk¢s Default was entered against ASAI on March 5, 2015 [ECF No. 61], and one was entered against Eden and Goldwasser on November 13, 2015 [ECF No. 179].

3.      Various court Orders were issued throughout this case that required compliance by Satz and Adan, yet Satz and Adan chose not to comply with, without excuse or justification. Those specific Orders, and Satz and Adan's non-compliance therewith, are detailed below as follows:

a)      On January 23, 2015, this Court issued its Order in Actions under the Fair Labor Standard Act [ECF No. 5].  That Order, among other things, ordered the Defendants to file their responses to Plaintiffs' Statement of Claim, and serve copies of all supporting documents, within 20 days of Plaintiffs' service of their Statement of Claim.  Satz and Adan failed to comply with this requirement in this Court's Order.

b)      On January 26, 2015, Magistrate Judge O'Sullivan issued an Order Scheduling Settlement Conference [ECF No. 6].  That Order scheduled a settlement conference for March 4, 2015 at 9:30 A.M., and required that the conference be attended by all parties and that all named individual parties, such as Satz and Adan, be present. Neither Satz nor Adan personally appeared for, attended, or participated in the settlement conference, nor was any excuse given by either of them for their absences.

c)      On January 23, 2015, this Court issued an Order [ECF No. 4] requiring the parties to file a scheduling report and certificates of interested parties by February 13, 2015.  On February 17, 2015, this Court issued an Order to Show Cause [ECF No. 22], ordering Satz and Adan, as well as other Defendants, to comply with the Court's January 23, 2015 Order by filing their certificates of interested parties by February 27, 2015, or show cause in writing why sanctions should not be imposed.  When Satz and Adan failed to comply with the February 17, 2015 Order to Show Cause, this Court issued another Order [ECF No. 53] on March 2, 2015, requiring Satz and Adan to file certificates of interested parties by March 10, 2015 or show cause

in writing why sanctions should not be imposed.  Satz and Adan failed to comply with this Order by the deadline date, and to date have failed to file their certificates of interested parties or show cause in writing why sanctions should not be imposed.

d)     On February 2, 2015, this Court issued an Order Providing Instructions to *Pro Se* Litigants [ECF No. 32].  In that Order, this Court, among other directives, required all *pro se* litigants, including Satz and Adan, to "bear[] responsibility for actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, **comply with all scheduling orders**, and prepare the case for trial." (emphasis supplied).

e)     On March 24, 2015, the Court issued an Order [ECF No. 77] directing Adan to comply with the Court's January 23, 2015 Order in Actions under the Fair Labor Standard Act by filing a response to Plaintiffs' Statement of Claim by April 6, 2015.  On April 7, 2015, when Adan failed to comply with the Court's March 24, 2015 Order, the Court issued another Order giving Adan until April 15, 2015 to submit his response to Plaintiffs' Statement of Claim [ECF No. 86].  The Court specifically stated in the Order that Adan's failure to file his response by the new date would result in the imposition of "appropriate sanctions."  Adan subsequently filed a "motion" [ECF No. 91] seeking an extension of time to file his response to the Statement of Claim, and, by Order dated April 20, 2015 [ECF No. 93], this Court granted Adan's motion and gave Adan until May 4, 2015 to file his response to Plaintiffs' Statement of Claim, provided Plaintiffs first served the Statement on Adan at his disclosed email address and filed proof of such service by April 23, 2015.  The Court reiterated its admonition to Adan that his failure to timely file his response would result in the imposition of "appropriate sanctions."  Plaintiffs thereafter served their Statement of Claim on Adan and filed proof of such service with the Court

3

[ECF No. 94].  Notwithstanding these multiple Orders to Adan to file his response to Plaintiffs' Statement of Claim, Adan failed to comply and to this date has not complied.

       f)       On April 8, 2015, the Court issued an Order Scheduling Mediation [ECF No. 88] scheduling mediation for October 15, 2015 at 10:00 A.M.  Neither Satz nor Adan, who were copied on the Order, appeared at or participated in the mediation, nor did they provide the other participating parties, their counsel, or the mediator a reason for their non-attendance.

       g)       On October 29, 2015, this Court issued an Amended Order Setting Trial and Pre-Trial Schedule [ECF No. 162] in which it directed all the parties, including the *pro se* parties Saztz and Adan, to submit a joint pre-trial stipulation.  Although Satz and Adan were contacted for their input on the pre-trial stipulation, neither Satz nor Adan chose to cooperate in the preparation of the stipulation as counsel for the parties that submitted the stipulation noted thereon.  *See* Joint Pre-Trial Stipulation of Plaintiffs and Defendant Trump Miami Resort Management, LLC [ECF No. 227].

       4.       This Court by Order dated April 13, 2016 [ECF No. 244] has requested that Plaintiffs submit their motion for entry of default judgment against the Defendants by April 21, 2016.

       5.       To the extent that this Court grants this Motion, all the subject Defendants are jointly and severally liable for the Plaintiffs' established unpaid minimum wage and overtime damages under the FLSA.  *Williams v. R.W. Cannon, Inc.*, 2008 WL 4097613 at *15 (S.D. Fla. Sept. 4, 2008) (citing *Patel v. Wargo*, 803 F.2d 632, 636 (11th Cir. 1986).

       6.       As established in supporting Affidavits and Declarations of the Plaintiffs, attached hereto as Exhibits "A" through "VV", Plaintiffs' total net unpaid minimum wages and overtime compensation damages under their FLSA claims are $93,558.66, unliquidated.

7.     Plaintiffs are also entitled to an award of liquidated damages in an equal amount of $93,558.66.  The total amount of the damages due Plaintiffs is thus $187,117.32.

8.     Plaintiffs are also requesting $167,549.08 in attorney's fees and $17,874.62 in taxable costs.  *See* Affidavit of Roderick V. Hannah, Esq. attached as Exhibit "WW" and Bill of Costs attached as Exhibit "XX".

### Supporting Memorandum of Law

**A.     Default final judgment against Satz and Adan is appropriate as sanction for their repeated violations of this Court's pretrial Orders.**

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the Court to award sanctions, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party "fails to appear at a scheduling conference or other pretrial conference" or " fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) and (C).  Local Rule 16.1(l) of the Southern District of Florida Local Rules echoes Rule 16(f) in that it provides that the failure to comply with Local Rule 16.1 as to the Court's pretrial requirements and orders "will subject the party or counsel to appropriate penalties, including but not limited to …  the striking of defenses and entry of judgment."  Rule 37(b)(2)(A)(vi) provides that among the sanctions the Court can consider and impose on a party who violates its pretrial orders is "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).

In deciding whether to impose sanctions against a disobedient party pursuant to Rule 16(f) for violation of the Court's pretrial orders, the Court must exercise its discretion but is not required to make a finding of bad faith.  *Giovanno v. Fabec*, 804 F.3d 1361, 1366 n. 5 (11th Cir. 2015); *Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D. Ala. 2001).  Sanctions should be imposed unless the disobedient party can show that its actions were substantially justified.  *Firefighter's*

*Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000).

The Eleventh Circuit and the Florida federal courts have held that the sanction of entry of a default judgment against a disobedient defendant is appropriate where the defendant or its counsel has, without justification, violated multiple pretrial orders, including orders to attend pretrial conferences and to participate in preparation of the pretrial stipulation. *See Giovanno*, 804 F.3d at 1365-66 (upholding sanction of entry of default judgment where defendant failed to participate in litigation for over a year and failed to appear at pretrial conference despite warning that failure to appear would result in entry of default judgment); *Royal Palace Hotel Assoc., Inc. v. International Resort Classics, Inc.*, 178 F.R.D. 595, 598 (M.D. Fla. 1998) (entering default judgment against defendant under Rule 16(f) where defendant and his counsel, without justification, failed to participate in preparation of pretrial stipulation and failed to attend pretrial conference). Here, given that both Satz and Adan have repeatedly and without justification violated multiple pretrial orders, including orders to attend and participate in a settlement conference and mediation, repeated orders to file certificates of interested parties despite Court warning that failure to comply would result in sanctions, and an order to participate in the preparation and filing of the pretrial stipulation. Indeed, Satz and Adan's repeated flouting of this Court many pretrial orders is more egregious conduct than that which justified entry of default judgments in *Giovanno* and *Royal Palace*.

Accordingly, and pursuant to Rule 16(f), entry of default judgment against Satz and Adan for joint and several liability for Plaintiffs' established damages (see below) under the FLSA is warranted. Indeed, as default judgment should be entered against Satz and Adan, all factual allegations supporting Plaintiffs' FLSA claims against Satz and Adan should be deemed

admitted, including Plaintiffs' claims that Satz and Adan acted willfully in violating the FLSA. *See* Amended Complaint at ¶¶74-79, 80, 88, 90.  Satz and Adan should, therefore, be held liable jointly and severally with the other defaulting Defendants (see below) for all of Plaintiffs' claimed damages, including liquidated damages under the FLSA.

    **B.      Default final judgment against ASAI, Eden and Goldwasser.**

To establish Plaintiffs' claims under the FLSA for default final judgment against already defaulted Defendants ASAI, Eden and Goldwasser, Plaintiffs must show:

> (1)  Employment – the existence of an employment relationship with the Defendants;
>
> (2)  Coverage – establish that the employee is covered under the FLSA through individual (traditional) coverage (i.e. their jobs requires her participation and engagement in interstate commerce) or through "enterprise coverage" in which all employees of the business are covered under the Act; and
>
> (3)  Failure to pay minimum wages and/or overtime – the performance of some work for which the employee was not properly compensated under the FLSA and the amount of such liability at least by a just and reasonable inference.

*See Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F.Supp.2d 1373, 1376-77 (S.D. Fla. 2012); *see also* Eleventh Circuit Pattern Jury Instructions-Civil 4.14 (2013).  For the purpose of this Motion, Plaintiffs incorporate by reference herein each and every allegation of the Amended Complaint [ECF No. 83], which has been deemed admitted by virtue of the subject Defendants not filing a proper responsive pleading or otherwise being held in default.

    **1. Employment Relationship.**

A defaulting party is deemed to have admitted all well-pled allegations in the complaint. *Crowley Liner Services, Inc. v. Transtainer Corp.*, 2007 WL 1526955 at *2 (S.D. Fla. May 24, 2007).  By their default, Defendants have admitted that the Plaintiffs were jointly employed by Defendants for purposes of the FLSA, *see* Amended Complaint at ¶¶69, 70, 71, 73.  Specifically,

they have admitted that they had the authority and exercised the authority to hire and fire Plaintiffs, jointly supervised and managed Plaintiffs in their work on a daily basis, determined the work schedules and rates of pay for Plaintiffs, were involved in the day-to-day operations of the Defendants' businesses, were directly responsible for the supervision of the Plaintiffs, and substantially invested in and provided the facilities, equipment and tools to allow Plaintiffs to perform their work. *Id.* at ¶¶71, 73.

### 2. ASAI and Eden are "Covered Enterprises" Under the Fair Labor Standards Act.

An employee "engaged in commerce" or all employees of an "enterprise engaged in commerce", as those terms are defined under the FLSA, are covered by that statute's overtime provisions. *See* 29 U.S.C. §203(s)(1); 29 U.S.C. §§206, 207. The FLSA at 29 U.S.C. §207(a)(1) covers employees who are engaged in commerce or in the production of goods for commerce ("individual coverage") or who are employed by an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). An enterprise engaged in commerce or in the production of goods for commerce is one which has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and whose annual gross volume of sales made or business done is not less than $500,000.00. 29 U.S.C. § 203(s)(1).

By their defaults, ASAI and Eden have admitted those factual allegations of the Amended Complaint establishing that they are covered "enterprises" under the FLSA for purposes of "enterprise coverage". Specifically, ASAI and Eden have admitted that they were and operated as enterprises that had two or more employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, and, had combined gross annual revenues of not less than $500,000.00. Amended Complaint at ¶68.

**3. Goldwasser is a statutory "employer" of Plaintiffs under the FLSA.**

An employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir. 1986).

Here, by his default, Goldwasser has admitted his individual liability as Plaintiffs' statutory "employer" under the FLSA in that he has admitted the factual allegations in the Amended Complaint that (1) he was the President and owner of Eden; (2) was an agent of Eden and acted in the course and scope of his employment as President and owner of Eden with respect to the Plaintiffs; (3) regularly exercised the authority to hire and fire employees of Eden and ASAI, including Plaintiffs; (4) determined the work schedules of the employees of Eden and ASAI, including Plaintiffs; (5) set the rates of pay of the employees of Eden and ASAI, including Plaintiffs; and controlled the finances of Eden and ASAI. Amended Complaint at ¶¶62, 69. Goldwasser thus was admittedly Plaintiffs' statutory "employer" for purposes of liability under the FLSA.

**4. Failure to Pay Minimum Wages and Overtime.**

An employee who brings suit under the FLSA must show that "[s]he has in fact performed work for which [s]he was not properly compensated [by proffering] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Reeves v. Intern'l Telephone and Telegraph Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980); *Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980). It then becomes the burden of the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference drawn by the employee's evidence. *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. at 687.  If the employer fails to produce such evidence the court may award damages to the employee even though the tabulation is only an approximation. *Id.*  This is because it is the employer's duty by virtue of the provisions of § 211(c) of the FLSA to keep the accurate records of its employees' regular time and overtime work.  *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1346-47 (S.D. Fla. 2008).  Naturally, the Defendants against whom default final judgment is sought cannot meet any of their burdens as set forth supra because they are in default.

ASAI, Eden and Goldwasser, by being in default, have admitted that they have willfully operated their businesses with a policy of not paying wages to the Plaintiffs in conformance with the FLSA.  Amended Complaint at ¶¶78, 79, 80, 88, 90.  As a result of their defaults, the Defendants have also admitted that the Plaintiffs were in non-exempt position for purposes of the FLSA, and were not paid their minimum wages and worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.  *Id.* at ¶¶74-79, 85, 91.  The Defendants further have admitted through the defaults that they willfully

violated the FLSA, and have admitted that the Plaintiffs are entitled to liquidated damages. *Id.* at ¶¶88, 90.

### C.   Damages as to all Defendants subject to default judgment.

Although a defaulted defendant admits well-pleaded allegations of liability, the issue of damages is determined by the Court by a hearing or otherwise. *See Vaccaro v. Custom Sounds, Inc.*, 2009 WL 4015569 *1 (S.D. Fla. 2009); *see also* Fed R. Civ. P. 55(b)(2)(B).   A hearing is not necessary if sufficient evidence is submitted to support a request for damages. *Gomes v. Nationwide Janitorial and Flooring Services, Inc.*, 2007 WL 737584 *1 (M.D. Fla. 2007). A plaintiff's affidavit may be relied upon as sufficient evidence to show the amount and extent of the work performed. *See Wallace v. The Kiwi Group, Inc.,* 247 F.R.D. 679, 682 (M.D. Fla. 2008).

Here, the Plaintiffs' affidavits attached as Exhibits "A" through "VV" establish that they are entitled to a total sum of $93,558.66 in combined unpaid minimum wages and overtime compensation damages.  This is comprised of a total of $27,397.75 in unpaid minimum wages (based on a prevailing federal minimum wage of $7.25), plus $66,160.91 in total unpaid overtime, and giving credit for the $24,000.00 paid to Plaintiffs in settlement with Defendants Abraham Fuchs and New Star Caterers.  Because of Satz, Adan, ASAI, Eden, and Goldwasser's established willful violations of the FLSA, Plaintiffs are also entitled to recover an additional $93,558.66 in liquidated damages, for total damages due Plaintiffs of $176,292.36.

### D.      Attorney's Fees and Costs.

Plaintiffs are entitled to recover their costs and reasonable attorney's fees under the FLSA upon entry of final judgment in Plaintiffs' favor.  29 U.S.C. §216(b).  Plaintiffs are seeking $167,549.08 in attorney's fees based on a total of 621 hours of attorney time at $400.00

per hour, minus $80,775.92 in attorney's fee recovery through settlements with Defendants Fuchs, New Star Caterers, and Trump.  *See* Affidavit of Roderick V. Hannah, Esq., attached hereto as Exhibit "WW".[1]  Plaintiffs are also requesting $17,874.62 in taxable costs as set forth in their Bill of Costs, attached hereto as Exhibit "XX".

### 1.    Attorney's Fees

Courts generally use the "lodestar" method to calculate the amount of reasonable attorney's fees to be awarded.  The "lodestar" is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate.  *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988).  The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman,* 836 F.2d at 1299. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*  Also, the Court is itself considered an expert and can make an informed judgment as to a proper award of fees even without the benefit of outside testimony. *Id.* at 1303

The Court should consider the following factors in determining the reasonableness of requested attorney's fees:

1)  the time and labor required;

2)  the novelty and difficulty of the questions;

3)  the skill requisite to perform the legal service properly;

4)  the preclusion of other employment by the attorney due to the acceptance of the case;

---

[1] Mr. Hannah's Affidavit will be referred to throughout as "Hannah Aff." followed by the relevant paragraph numbers.

5) the customary fee;

6) whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;

8) the amount involved and the results obtained;

9) the experience, reputation and ability of the attorneys;

10) the õundesirabilityö of the case;

11) the nature and length of the professional relationship with the client; and

12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citing *Jones v. Central Soya Co.*, 748 F.2d 586, 588 (11th Cir. 1984)).  Applying these factors to the case at hand, as set forth in the attached affidavit of Plaintiffsø counsel, the requested attorneyøs fees are reasonable.

      **a.**      **Time and labor required.**

This case required the undersigned, a solo practitioner, to devote a substantial amount of his personal time and labor to the case.  The primary defendant in the case, Trump Miami Resort Management, LLC, was represented by two attorneys from a large national law firm and mounted a vigorous, time consuming, and legally challenging defense in this case.  (Hannah Aff. at ¶8).  Trumpøs aggressive defensive posture involved the taking of 34 depositions, including 18 Plaintiffsø depositions, that the undersigned had to personally prepare for and attend, requiring 49 Plaintiffs to individually answer and respond to interrogatories and requests for production that the undersigned had to personally review and approve, filing an extensive motion for summary judgment that the undersigned personally researched and responded to, requiring the undersigned to fully prepare for an expected lengthy trial before finally reaching a settlement,

and requiring the undersigned to orchestrate the finalization of the settlement documents among 48 remaining Plaintiffs. (*Id.*).   In addition to the Trump defense, the undersigned also had to personally respond to the defense mounted by Defendants New Star Caterers and Abraham Fuchs who were represented by counsel and to negotiate a favorable settlement with those Defendants. (*Id.*).  Moreover, the undersigned also had to personally respond to and handle the defense mounted by Defendants Goldwasser and Eden who originally were represented by counsel from another large national law firm that eventually withdrew from the case, resulting in entry of the Clerk's default. (*Id.*).   Furthermore, the undersigned had to personally research and prepare the instant Motion and efforts to secure judgment against the remaining individual Defendants, Adan and Satz, and their company, ASAI. (*Id.*).

The claimed hours for which Plaintiffs are now seeking recovery of attorney's fees, as detailed in the attorney time detail attached to the Affidavit of Roderick V. Hannah, Esq., were considerable and were necessarily spent to fully and successfully prosecute this case.

    **b.**     **Novelty and difficulty of the questions.**

The many hours spent on the case were also necessary to deal with the difficult, and vigorously contested, issue of whether Defendant Trump was Plaintiffs' joint employer for purposes of the FLSA. (*Id.* at ¶9).  Virtually all of the 34 depositions that were required to be taken were directed to this issue, and it was central to Trump's defense and motion for summary judgment. (*Id.*).  While Plaintiffs ultimately prevailed in defeating the summary judgment motion, the issue was complex and required extensive research and discovery on the undersigned's part. (*Id.*).  Indeed, the undersigned also had to prepare for the trial that was scheduled to commence April 18, 2016, and that would have focused on this precise issue. (*Id.*).

The many hours devoted to the difficult issue of Trump being Plaintiffs' joint employer were necessary for the undersigned to secure a favorable settlement on behalf of all Plaintiffs.

### c. The skill required to properly perform the legal services.

This was not a simple or straightforward FLSA case.  It involved multiple defendants and complex theories of liability and issue of joint employment under the FLSA.  (*Id.* at ¶10).  The case required the services of a skilled and experienced employment lawyer with knowledge of the FLSA and its joint employer theories and requirements.  (*Id.*).  Plaintiffs' counsel, Mr. Hannah, has over 31 years of experience as a labor and employment lawyer in the South Florida legal community, handling many FLSA cases, including multi-plaintiff collective actions.  (*Id.*). He also has substantial jury trial experience in employment cases. (*Id.*).   He thus had the skill and experience necessary to properly handle this multi-plaintiff FLSA case.

### d. The preclusion of other employment by the attorney.

As this was a multi-plaintiff FLSA case that involved that taking of 34 depositions, extensive paper discovery, coordination of communication and cooperation with up to 58 Plaintiffs at various times, defense of Trump's motion for summary judgment, and preparation for jury trial, Plaintiffs' counsel, Mr. Hannah, had to personally devote numerous hours of attorney time to the case, thereby precluding his employment on other matters. (*Id.* at ¶11). Indeed, because of the time commitment, Mr. Hannah had to turn away the handling other cases, at times had to seek extensions of time on other pending cases he was handling. (*Id.*). Although Spencer Aronfeld has been listed on the case as Mr. Hannah's co-counsel, he is not an experienced employment or FLSA attorney, and his role on this case was to assist Mr. Hannah in client communications and ultimately to try the case.  (*Id.* at ¶4).  The preclusion of Mr. Hannah

being employed in other matters to enable him to devote substantial time required to prosecute this case is thus a significant factor justifying Plaintiffs' attorney fee claim here.

      **e.**     **The customary fee.**

The customary fee charged by Mr. Hannah in all employment and FLSA cases he handles is $400 per hour, and is reflected in this retainer agreements with his client to the extent the Court decides to award fees.  (*Id.* at ¶12 and Exhibit "2" thereto).  The hourly rate being requested by Mr. Hannah for his services is thus $400 – consistent with the customary fee he charges.

      **f.**     **Whether the fee is fixed or contingent.**

Plaintiffs' counsel took on the representation of all Plaintiffs on a contingency fee basis with counsel advancing the considerable costs in the case. (*Id.* at ¶13).  There thus was a substantial risk that Plaintiffs' counsel would not recover any fees nor be reimbursed their advanced costs in the event they were not successful.  (*Id.*).

      **g.**     **Time limitations imposed by the client or the circumstances.**

There were no unusual deadlines imposed by any of the Plaintiffs in this case. (*Id.* at ¶14).    However, there were numerous Court deadlines which had to be met which required extensive work in contacting the many Plaintiffs, most of whom were not sophisticated in legal matters and some of whom were no longer local and at times difficult to reach.  (*Id.*).  Moreover, Defendant Trump propounded 58 separate sets of interrogatories and requests for production on the original 58 Plaintiffs, which required extensive work and time commitment by Plaintiffs' counsel in coordination and client cooperation to meet court-imposed deadlines.   (*Id.*).  Plaintiffs' counsel was also involved in the coordination and scheduling of 34 depositions,

including 18 Plaintiffs' depositions, which required extensive work to meet the Court's discovery deadlines.  (*Id.*).

> **h.      The amount involved and the results obtained.**

The total amounts of wages being claimed originally was over $139,000.00, not including claimed liquidated damages, fees and costs.  (*Id.* at ¶15).  To date, Plaintiff's counsel was able to secure a $24,000.00 distribution to 49 Plaintiffs in a settlement with Defendants Fuchs and New Star Caterers, and has recently secured another substantial fund to pay out to Plaintiffs through settlement with Defendant Trump, which is pending Court approval.  (*Id.*).  Plaintiffs are now positioned to secure a default final judgment against the remaining individual and corporate Defendants for the entire remaining amount of monies due, with the intention to collect further funds for additional distribution to Plaintiffs.  (*Id.*).  Through their counsel's efforts, Plaintiffs thus will each have recovered a substantial portion of their unpaid wages, with a realistic chance of recovering additional monies through entry of default final judgment against the remaining, jointly and severally liable defendants.  (*Id.*).  These are excellent results given the legal and practical obstacles in pursuing the case and the amounts originally being claimed.

> **i.      The experience, reputation and ability of the attorneys.**

Mr. Hannah, Plaintiffs' lead counsel who was virtually the only billing attorney on this case, has over 31 years of experience as a labor and employment attorney in the South Florida legal community.  (*Id.* at ¶3).  He has handled numerous employment cases, including numerous cases brought under the FLSA and FLSA collective actions that, like the instant case, involved numerous plaintiffs.  (*Id.*).  He has also conducted a number of jury trials in various employment-related matters.  (*Id.*).  He thus has substantial experience and ability as an

employment lawyer that justifies his hourly rate being claimed in this case and the total number of hours devoted to handling the case.

**j.      The "undesirability" of the case.**

Prior to Mr. Hannah taking on the case, Plaintiffs had shopped the case to other experienced employment lawyers who refused to represent Plaintiffs due to their perceived inability to establish that Defendant Trump or Defendants Abraham Fuchs and New Star Caterers were Plaintiffs' joint employers under the FLSA.  (*Id.* at ¶17).   Other attorneys prior to Mr. Hannah also turned down the representation inasmuch as the parties who indisputably employed Plaintiffs and failed to pay them their due wages – Satz and ASAI – were uncollectible. (*Id.*).    Mr. Hannah based on his extensive experience believed otherwise and agreed to take on the matter and was able to secure significant monetary settlements for Plaintiffs from Trump, Fuchs, and New Star.

**k.      The nature and length of the professional relationship with the clients.**

Plaintiffs' counsel, Mr. Hannah, has spent over one year as Plaintiffs' counsel on this matter and has personally interacted and dealt with each of the named Plaintiffs throughout the extended proceedings.  (*Id.* at ¶18).  This close and extended professional relationship with each of the Plaintiffs has helped the successful and efficient prosecution of the case, the successful coordination of discovery efforts, and ultimately the attainment of favorable results through settlements and the instant effort to secure a default final judgment against multiple defendants. (*Id.*).

**l.      Awards in similar cases.**

Mr. Hannah has over 30 years litigating various types of labor and employment cases, including cases brought under the FLSA and FLSA multi-plaintiff actions.  (*Id.* at ¶19).  Judges

within the Southern District have awarded hourly rates of $400 and more for plaintiffs' attorneys successfully handling FLSA cases who have comparable, and even lesser, levels of experience to Mr. Hannah. *See, e.g. Valley v. Ocean Sky Limo*, 82 F.Supp.3d 1321, 1328 (S.D. Fla. 2015) (finding $400 per hour rate reasonable); *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1350-51 (S.D. Fla. 2007) (finding $450 per hour rate reasonable for two attorneys in FLSA case who had over 10 and 25 years of employment law experience); *Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1308 (S.D. Fla. 2009) (finding $400 per hour rate reasonable).

**m.     Credit for prior settlements.**

As set forth in the attached Affidavit of Mr. Hannah, prior settlements with Defendants Trump, Abraham Fuchs and New Star Caterers will yield an attorney's fee recovery (upon Court approval of the Trump settlement) to date of $80,775.92. (*Id.* at ¶6). Crediting this amount to the total attorney's fees incurred, the net amount of fees now being claimed for purposes of a default final judgment against the remaining Defendants is $167,549.08.

**n.     Conclusion.**

Applying the 12 *Farley/Jones* factors to the case here, Mr. Hannah's hourly rate of $400 per hour is reasonable, and the number of hours he has expended to date is reasonable. Accordingly, the Court should find the requested total $167,549.08 in attorney's fees to be reasonable and award that amount to Plaintiffs in the default final judgment.

**2.     Costs.**

Plaintiffs as prevailing parties are entitled to recover those taxable costs enumerated in 28 U.S.C. §1920. Attached hereto as Exhibit "XX" is Plaintiffs' Bill of Costs with backup documentation establishing that Plaintiffs total taxable costs are $17,874.62. Plaintiffs should be entitled to an award of these costs in connection with the entry of any default final judgment.

WHEREFORE, Plaintiffs request that this Motion be granted, and that this Court enter default judgment against Defendants Satz, Adan, ASAI, Eden, and Goldwasser, jointly and severally, for the total amount of $375,541.02, consisting of:  (1) $27,397.75 in unpaid minimum wages; (2) an equal amount of $27,397.75 in liquidated damages; (3) $66,160.91 in unpaid overtime compensation; (4) an equal amount of $66,160.91 in liquidated damages; (5) $167,549.08 in attorney's fees; and (6) $17,874.62 in taxable costs.  A proposed Order granting this Motion is attached as Exhibit "YY".  A proposed Default Final Judgment is attached as Exhibit "ZZ."

Respectfully submitted,

**RODERICK V. HANNAH, ESQ., P.A.**
Attorneys for Plaintiffs
8751 West Broward Boulevard
Suite 303
Plantation, FL 33324
Telephone:  (954) 362-3800
Facsimile:  (954) 362-3779
Email:  rhannah@rhannahlaw.com

By    /s/ *Roderick V. Hannah*
        Roderick V. Hannah
        Fla. Bar No. 435384

**ARONFELD TRIAL LAWYERS**
Co-counsel for Plaintiffs
3132 Ponce De Leon Boulevard
Coral Gables, FL 33134
Telephone: (305)441-0440
Facsimile: (305) 441-0198
Email:  aronfeld@arnfeld.com

By    s/ *Spencer M. Aronfeld*
        Spencer M. Aronfeld
        Fla. Bar No. 905161

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of May, 2016, a true and correct of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below:

Jonathan A. Beckerman, Esq.
Florida Bar No. 0568252
E-mail: jabeckerman@littler.com
Jorge Zamora, Jr., Esq.
Florida Bar No. 0094713
E-mail: jzamora@littler.com
LITTLER MENDELSON, PC
333 SE 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel: (305) 400-7500
Fax: (305) 603-2552

*Counsel for Defendant*
*Trump Miami Resort Management LLC*

Eden Tours, LLC, David Goldwasser d/b/a Eden Tours
David Goldwasser
4101 Pine Tree Drive, Apt. 706
Miami Beach, Florida  33104
E-mail:  davidgoldwasser@gmail.com

Defendant Frank Adan, pro se and as
President and Registered Agent for Defendant
ASAI, INC.
6535 SW 22nd Court
Miramar, Florida  33023
(e-mail:  Fadan777@gmail.com)

Defendant Stephen Satz, pro se
5955 Lasalle Street
Lasalle Ontario N2J307
CANADA
(e-mail stephensatz@hotmail.com)

/s/  *Roderick V. Hannah*
Roderick V. Hannah